**Shelby L. McLAURIN and Shirley McLaurin, Plaintiffs,**

v.

**Mrs. Peter A. BRUSTURIS, Defendant.**

No. 70-C-337.

United States District Court,
E. D. Wisconsin.

Nov. 24, 1970.

Patricia D. McMahon, Richard Perry, Milwaukee, Wis., for plaintiffs.

Patrick H. Fass and Maurice B. Weisfeldt, Milwaukee, Wis., for defendant.

MYRON L. GORDON, District Judge.

### DECISION AND ORDER

The defendant has moved to dismiss the complaint on the grounds that the court lacks jurisdiction. The action is one for damages in which the plaintiffs allege that Mrs. Brusturis discriminated against them because of their race in regard to the rental of an apartment.

The complaint charges that there has been a violation of the provisions of the civil rights acts, 42 U.S.C. §§ 1981 and 1982, and of the fair housing act of 1968, 42 U.S.C. § 3610. In urging that the court lacks jurisdiction, the defendant's argument is directed exclusively at the fair housing act of 1968; she makes no reference to the provisions of 28 U.S.C. § 1343(4). The latter section gives this court jurisdiction of alleged violations under 42 U.S.C. §§ 1981 and 1982.

While I agree with the defendant that the court lacks jurisdiction under the fair housing act of 1968, her motion must nevertheless be denied because there is jurisdiction in this court under § 1343(4).

The fair housing act of 1968, 42 U.S.C. § 3610(d), provides that:

"* * * no such civil action may be brought in any United States district court if the person aggrieved has a judicial remedy under a State or local fair housing law which provides rights and remedies for alleged discriminatory housing practices which are substantially equivalent to the rights and remedies provided in this subchapter."

I believe that § 101.60 Wis.Stats. does provide substantially equivalent rights and remedies, even though the permissible penalties are greater under the federal statute. I am also aware

that the federal statute, unlike the state law, permits punitive damages. The plaintiff also points out that the federal law authorizes the issuance of a permanent or temporary injunction, whereas the Wisconsin law contains no such provisions. However, in the case at bar, the plaintiffs have not demanded injunctive relief.

■ 42 U.S.C. § 1982 protects the right of every citizen to lease real property. In enforcing such right, the plaintiffs are not obliged to exhaust state remedies, but can seek damages under § 1343(4). In McNeese v. Board of Education, 373 U.S. 668, 671, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), the court stated:

"We have previously indicated that relief under the Civil Rights Act may not be defeated because relief was not first sought under state law which provided a remedy. We stated in Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492:

'It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked.'"

The right to proceed under § 1982 is independent of the rights granted in the 1968 legislation. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 415, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Harris v. Jones, 296 F.Supp. 1082, 1084 (D.C. Mass.1969); see Note, Discrimination in Employment and in Housing, 82 Harv. L.Rev. 834 (1969).

■ I conclude, therefore, that even though the Wisconsin statute provides substantially equivalent rights and remedies to those provided in 42 U.S.C. § 3610, there is an independent basis for jurisdiction in this court under § 1343(4).

Now, therefore, it is ordered that the defendant's motion to dismiss for want of jurisdiction be and hereby is denied.