Leon **HICKMAN**, Appellant,

v.

Robert E. **FINCHER** et al., Appellees.

No. 72-2481.

United States Court of Appeals, Fourth Circuit.

Submitted June 4, 1972.

Decided Aug. 20, 1973.

two venue provisions and is not in conflict with our decision here.

John E. Bishop, Isaac Joe, Jr., Greenville, S. C., Jack Greenberg, James Nabrit, III, Charles Stephen Ralston, New York City, and Mitchell, Bishop & Joe, Greenville, S. C., on brief, for appellant.

William W. Wilkins, Jr., and Wilkins & Wilkins, Greenville, S. C., on brief, for appellees.

Before WINTER, FIELD and WIDENER, Circuit Judges.

WINTER, Circuit Judge:

Alleging that defendants' refusal to sell him a house constituted discrimination against him because of his race, plaintiff sued under 42 U.S.C.A. §§ 3604 and 3606 (Title VIII of the Fair Housing Act of 1968)[1] and 42 U.S.C.A. § 1982.[2] He sought declaratory and injunctive relief and money damages. Because suit was not filed until 224 days after the last act of discrimination alleged by plaintiff, defendants moved to dismiss the complaint on the ground that the action was barred by the 180-day period of limitations contained in § 812 of the Act, 42 U.S.C.A. § 3612(a).[3] The district court granted defendants' motion and dismissed the *entire* complaint. We conclude that plaintiff's alleged cause of action under 42 U.S.C.A. § 1982 was *not* barred by limitations, although his alleged cause of action under the Fair Housing Act was. We therefore affirm in part, reverse in part, and remand for further proceedings.

## I.

Although the district court was plainly correct in ruling that plaintiff's alleged cause of action under 42 U.S.C.A. §§ 3604 and 3606 was time-barred, recent cases revitalizing the long dormant § 1982 make it clear that the broad effect of that and similar early civil rights statutes was not meant to be circumscribed by modern civil rights acts. "The Civil Rights Act of 1968 does not mention 42 U.S.C.A. § 1982, and we cannot assume that Congress intended to effect any change, either sub-

---

1. In pertinent part, 42 U.S.C.A. § 3604 provides:
    it shall be unlawful—
    (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, or national origin . . . .
    Section 3606, *inter alia*, makes it unlawful to deny access to or participation in any facility relating to the business of selling or renting dwellings on account of race, color, religion or national origin.

2. 42 U.S.C.A. § 1982 provides:
    All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

3. 42 U.S.C.A. § 3612(a) provides in part:
    The rights granted by sections 3603, 3604, 3605 and 3606 of this title may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy . . . . *A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred* . . . . (emphasis added).

stantive or procedural, in the prior statute." Jones v. Alfred H. Mayer Co., 392 U.S. 409, 417 n.20, 88 S.Ct. 2186, 2191, 20 L.Ed.2d 1189 (1968). *See* Sullivan v. Little Hunting Park, 396 U.S. 229, 237, 90 S.Ct. 400, 24 L.Ed.2d 386 (1969). Thus, plaintiff's failure to assert a timely claim under the Fair Housing Act will have no effect on whatever cause of action he may have under § 1982. Young v. AAA Realty Co. of Greensboro, Inc., 350 F.Supp. 1382, 1387 (M.D.N.C.1972); James v. Hafler, 320 F. Supp. 397 (N.D.Ga.1970); McLaurin v. Brusturis, 320 F.Supp. 190 (E.D.Wis. 1970). Indeed, the language of the Fair Housing Act so provides.[4]

Similarly, in the analogous situation of the relationship between 42 U.S.C.A. § 1981[5] and Title VII of the 1964 Civil Rights Act, 42 U.S.C.A. § 2000e—5, which bans, *inter alia,* racial discrimination in employment, courts have held that the running of the statute of limitations under the 1964 Act will not bar claims under § 1981. Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5 Cir. 1970), cert. denied, 401 U.S. 948, 91 S. Ct. 935, 28 L.Ed.2d 231 (1971); Hackett v. McGuire Brothers, Inc., 445 F.2d 442, 444 n.1 (3 Cir. 1971). *See* Tillman v. Wheaton-Haven Recreation Association, Inc., 410 U.S. 431, 93 S.Ct. 1090, 35 L. Ed.2d 403 (1973). The legislative history of the Equal Employment Opportunity Act of 1972, P.L. 92–261, which amended portions of Title VII of the 1964 Act, reinforces the view that the recent civil rights acts do not affect existing rights granted by previous legislation. *See* H.R. Report No. 92–238, 1972 U.S.Code Cong. & Ad.News, 92d Cong., 2d Sess., p. 2154 (1971); 118 Cong.Rec.S. 1458–1459, 1523, 1526, 1791–1797 (Daily ed. Feb. 8, 9 and 15, 1972).

## II.

The statute of limitations applicable to an alleged § 1982 cause of action is the state statute of limitations expressly, or most nearly, applicable to the type of claim which is asserted. Allen v. Gifford, 462 F.2d 615 (4 Cir. 1972), cert. denied, 409 U.S. 876, 93 S. Ct. 128, 34 L.Ed.2d 130 (1972); Almond v. Kent, 459 F.2d 200 (4 Cir. 1972); Baker v. F & F Investment, 420 F.2d 1191 (7 Cir. 1970), cert. denied, 400 U. S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49 (1970). The minimum period of limitations under South Carolina law for *any* cause of action is one year. Code of Laws of South Carolina, §§ 10–127, 10–142, 10–143, 10–147, 10–148 (1962). Plaintiff asserted his alleged § 1982 cause of action within less than one year after he claims that it arose.

It follows that the district court's judgment dismissing plaintiff's § 1982 claim as time-barred must be reversed; plaintiff is not barred by limitations from asserting it.

Affirmed in part; reversed in part and remanded.

---

4. 42 U.S.C.A. § 3615 provides in part:
   Nothing in this subchapter shall be construed to invalidate or limit any law of . . . any . . . jurisdiction in which this subchapter shall be effective, that grants, guarantees, or protects the same rights as are granted by this subchapter . . . .

5. 42 U.S.C.A. § 1981 provides:
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.