**Shirley Jean Smith HAMPTON, Plaintiff,**

**v.**

**Jarrett W. ROBERTS, Defendant.**

**Civ. A. No. 74–C–115–R.**

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 11, 1974.

George W. Harris, Jr., Roanoke, Va., for plaintiff.

Evans B. Jessee, Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

Shirley Jean Smith Hampton, plaintiff, has brought this action against Jarrett W. Roberts, defendant, alleging that defendant violated the Fair Housing Act, 42 U.S.C. § 3601 et seq. and 42 U. S.C. § 1982, by refusing to lease a unit of housing to plaintiff solely because she was a negro. Specifically, plaintiff alleges that on April 11, 1973, defendant refused to rent 3743 Sunrise Avenue, N.W., Roanoke, Virginia, to plaintiff even though she was and is "ready, willing and able to rent said unit at the rental price set by defendant." The complaint was filed on June 24, 1974, and prays for a permanent injunction, a temporary injunction, and such additional relief as may be appropriate.

On July 10, 1974, defendant filed an answer denying that he based his refusal to rent the unit in controversy to plaintiff solely on the grounds that she was a negro. Defendant has also pleaded the Statute of Limitations as a bar to this action. 42 U.S.C. § 3604 provides that it shall be unlawful:

"(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, or national origin."

42 U.S.C. § 3612 provides:

"(a) The rights granted by sections 3603, *3604*, 3605, and 3606 of this title may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy and in appropriate state or local courts of general jurisdiction. A civil action *shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred:* . . ."

(emphasis added).

42 U.S.C. § 1982 provides:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, *lease,* sell, hold, and convey real and personal property." (emphasis added).

Section 1982 has been interpreted to grant to all citizens the same right as is enjoyed by white citizens to lease real property and "same right" means that race is an impermissible factor in an apartment rental decision. Smith v. Sol D. Adler Realty Co., 436 F. 2d 344 (7th Cir. 1970). This section may be enforced by injunction, Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968), and attorney fees are part of an effective remedy which the court should fashion to carry out the Congressional policy embodied in this section, Lee v. Southern Home Sites Corp., 444 F.2d 143 (5th Cir. 1971).

Plaintiff's allegations in its complaint allege that the discriminatory housing practice occurred on April 11, 1973, yet plaintiff did not commence this action until June 24, 1974. The Fourth Circuit held in Hickman v. Fincher, 483 F.2d 855 (4th Cir. 1973), that a suit which was brought pursuant to provisions of the Fair Housing Act relating to discrimination but which was not filed until 224 days after the date of the alleged discrimination was barred by the Statute of Limitations contained in section 3612. However, the Fourth Circuit further held that the fact that plaintiff had failed to assert a timely claim under the Fair Housing Act would have no effect on the timeliness of the cause of action relating to property rights of citizens, 42 U.S.C. § 1982. The Statute of Limitations applicable to a cause of action brought under 42 U.S. C. § 1982 is the state Statute of Limitations expressly, or most nearly applicable to the type of claim asserted. The Fourth Circuit held that the most nearly applicable Statute of Limitations in Vir-

ginia is contained in § 8–24 of the Code of Virginia which provides a two year limitation for personal injuries. Allen v. Gifford, 462 F.2d 615 (4th Cir. 1972). Therefore, plaintiff is not barred from bringing suit under 42 U.S.C. § 1982 and the injunctive remedies sought are within the scope of this section.

This court, however, orders the action dismissed as it pertains to 42 U.S.C. § 3604 as the time has lapsed for the maintenance of a suit under this latter section. The dismissal of the suit as it pertains to 42 U.S.C. § 3604 is without any effect on the remaining cause of action under 42 U.S.C. § 1982.