**Dave JEFFERSON, Plaintiff,**

v.

**Ardyce E. MENTZELL et al., Defendants.**

**Civ. A. No. CA–3–75–0155–D.**

United States District Court,
N. D. Texas,
Dallas Division.

March 11, 1976.

1

Edward B. Cloutman, III, Dallas, Tex., for plaintiff.

Edmund N. Anderson, Bedford, Tex., for defendants.

## ORDER

ROBERT M. HILL, District Judge.

Defendants' motion to dismiss came on for consideration before the Honorable Robert M. Hill, United States District Judge. The court has considered the motion and the arguments of counsel and is of the opinion that the motion should be sustained in part and denied in part.

Plaintiff's complaint is that the defendants discriminated against him on the grounds of his race in refusing to rent or lease an apartment to plaintiff. The jurisdictional basis for the complaint is the Fair Housing Act of 1968, 42 U.S.C. § 3612 and the Civil Rights Acts of 1870 and 1866, 42 U.S.C. §§ 1981, 1982 and their juridictional counterpart, 28 U.S.C. § 1343(4). In their motion defendants claim the case should be dismissed because plaintiff failed to file his claim in this court within 180 days of the alleged discriminatory act.

It is agreed that plaintiff's cause of action accrued on June 29, 1974. He filed this complaint on February 5, 1975. In opposition to the motion to dismiss, the plaintiff alleges that he filed an administrative complaint with the City of Dallas, Texas Fair Housing Administration on June 29, 1974, and action on his complaint was not completed until August 12, 1974. Plaintiff argues that during the pendency of his administrative complaint with the City of Dallas the running of the § 3612 statute of limitations was tolled. Plaintiff contends that although there is no authority for his position with regard to § 3612, the treatment of a similar issue in the context of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* provides a persuasive example. *Culpepper v. Reynolds Metal Co.*, 421 F.2d 888 (5th Cir. 1970).

The court is of the opinion that there are adequate grounds for distinguishing the two statutes. The Fair Housing Act of 1968 provides both an administrative remedy in § 3610 and a direct action remedy in § 3612. The two sections operate disjunctively in certain important respects including filing of complaints; they offer separate and alternative means for enforcing violations of the Act except to the extent discussed below with regard to bringing § 3612 actions *to trial* while conciliation efforts continue. Section 3612 thus contrasts with the statutory scheme in Title VII in which the statute is designed to encourage voluntary compliance and administrative action before resorting to the courts. Most persuasive, perhaps, is the language of § 3612 itself which after stating the limitation period, provides, "that the court shall continue such civil case brought pursuant to this section or sections 3610(d) of this title from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary or a State or local agency are likely to result in satisfactory settlement of the discriminatory housing practice complained of in the complaint made to the Secretary or to the local or State agency and which practice forms the basis for the action in court." This provision indicates that Congress intended that a § 3612 action would be *pending* while conciliation efforts continue. No mention is made of tolling the 180 day limitation as to filing even though this would have been an appropriate opportunity to do so if Congress had so intended. Rather than indicating that the 180 day period was tolled while the litigant pursued his administrative remedy, the reasonable inference to be drawn from is that Congress intended that the litigant

could pursue the administrative and direct action remedies either separately or together.[1] It was left to the court to decide when to forestall the trial during the pendency of conciliation efforts. The court is thus of the opinion that the plaintiff is foreclosed from asserting a § 3612 claim more than 180 days after the alleged discrimination occurred.[2]

█ Disposition of the § 3612 claim does not mean that plaintiff's cause should be dismissed. His rights under various civil rights provisions remain and the court is of the opinion for the reasons stated in *Hickman v. Fincher*, 483 F.2d 855 (4th Cir. 1973), that the 180 day period stated in § 3612 does not affect his other remedies. Also see *Warren v. Norman Realty Company*, 513 F.2d 730 (8th Cir. 1975). The court must look to the most closely analogous state statute to determine the proper statute of limitations. *Johnson v. Railway Express, supra.* Although Texas does not appear to have a statute dealing with racial discrimination in housing, the court finds that the most closely analogous Texas statute is V.A.T.S. Art. 5526 (injury to the person), which provides for a two year period of limitations. *McGuire v. Baker*, 421 F.2d 895 (5th Cir. 1970).

For the reasons discussed above the defendants' motion should be sustained as to plaintiff's § 3612 cause of action, but the §§ 1981 and 1982 cause of action will not be dismissed.

It is so ORDERED.

---

1. The court notes the reasoning of the Supreme Court in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

2. I am aware that a contrary result could be reached. The broad statutory purpose was to provide a remedy for and prevent discrimination in housing. Plaintiff did not sit on his rights, but he chose to pursue an administrative remedy. The fact that the result apparently was not satisfactory to him does not mean that § 3612 provides a second attempt if he has not satisfied the timeliness requirements.