Helen **WRIGHT**, Plaintiff,

v.

**ST. JOHN'S HOSPITAL**, Defendant.

No. 75–C–479–C.

United States District Court,
N. D. Oklahoma.

June 22, 1976.

Waldo E. Jones, II, Tulsa, Okl., for plaintiff.

Mary T. Matthies, Tulsa, Okl., for defendant.

### ORDER

COOK, District Judge.

The Complaint filed in this action by plaintiff, Helen Wright, alleges that she was discriminatorily discharged by defendant solely for the reason that plaintiff is black. Plaintiff brings this action pursuant to 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Fourteenth Amendment. Plaintiff alleges jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

The Court has before it for consideration a Motion to Dismiss and Motion to Strike filed by the defendant, St. John's Hospital. In support of its Motion to Dismiss, defendant alleges that the statute of limitations has run on the 42 U.S.C. § 1981 claim. The Complaint alleges that plaintiff

was discharged by defendant "sometime in October, 1972." Defendant states the date of discharge was October 30, 1972. There being no claim of "continuing" discrimination, the statute of limitations began to run from the date of her discharge. *Phillips v. Columbia Gas of West Virginia, Inc.,* 347 F.Supp. 533 (S.D.W.Va.1972), aff'd, 474 F.2d 1342 (4th Cir. 1973).

■ Title 42 U.S.C. § 1981 does not provide a limitation for the cause of action created thereby. The federal courts, therefore, must look to the most nearly analogous state statute of limitation which will determine the time within which a cause of action may be commenced. *Ripp v. Dobbs Houses, Inc.,* 366 F.Supp. 205 (N.D.Ala. 1973). The application of state limitation statutes for federally-created causes of action under the Reconstruction Civil Rights Acts, 42 U.S.C. §§ 1981–1985, is well settled. *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). As stated in *Beard v. Stephens,* 372 F.2d 685 (5th Cir. 1967):

> "Congress has created many federal rights without prescribing a period of enforcement. In such cases the federal courts borrow the limitations period prescribed by the state where the court sits. The applicable period of limitations is that which the state itself would enforce had an action seeking similar relief been brought in the court of that state."

It is necessary, therefore, to look to the limitation periods provided in the statutes of the State of Oklahoma. Title 12 O.S. § 95 provides:

*Limitation of other actions*

"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

First. Within five (5) years: An action upon any contract, agreement or promise in writing.

Second. Within three (3) years: An action upon a contract express or implied not in writing; an action upon a liability created by statute other than a forfeiture or penalty; and an action on a foreign judgment.

Third. Within two (2) years: An action for trespass upon real property; an action for taking, detaining or injuring personal property; including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

Fourth. Within one (1) year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation.

Fifth. An action upon the official bond or undertaking of an executor, administrator, guardian, sheriff, or any other officer, or upon the bond or undertaking given in attachment, injunction, arrest or in any case whatever required by the statute, can only be brought within five (5) years after the cause of action shall have accrued.

Sixth. An action for relief, not hereinbefore provided for, can only be brought within five (5) years after the cause of action shall have accrued."

Defendant contends that 12 O.S. § 95 (Third) contains the appropriate statute of limitations to be applied in the case at bar "for injury to the rights of another, not arising on contract, and not hereinafter enumerated." If the Court were to determine that § 95 (Third) regarding a tort cause of action is applicable, the § 1981 cause of action would be barred, the action having been filed more than two years after the date of discharge. Plaintiff on the other hand contends that "the better view of which limitation governs is 12 O.S. § 95 (Second) in that this is an action either 'upon a contract express or implied not in writing' or 'an action upon a liability created by statute.'"

Neither the state courts of Oklahoma nor the federal courts applying Oklahoma law

have had occasion to rule on this particular issue. In *Crosswhite v. Brown*, 424 F.2d 495 (10th Cir. 1970) and *Seibert v. McCracken*, 387 F.Supp. 275 (E.D.Okl.1974) the courts determined that the two-year tort statute of limitation was applicable in civil rights actions based upon § 1983. These cases, however, dealt with prisoners' rights which in no respect involved a contractual relationship and these cases are therefore not applicable to the case at bar. It is necessary therefore for the Court to look at the decisions of other jurisdictions which have considered the applicable statute of limitation to be applied in § 1981 actions. These decisions should not, however, be mechanically applied since each state has its own statutes regarding limitation of actions and each case may present a different factual situation.

Plaintiff cites *Boudreaux v. Baton Rouge Marine Contracting Company*, 437 F.2d 1011 (5th Cir. 1971) wherein the court states in footnote 16:

"Because appellees in the District Court argued that any § 1981 claim would be barred by the one-year statute of limitations applicable to tort claims . . . we herein state our view for the guidance of the court on remand that the applicable statute of limitations is rather the ten-year provision governing contract claims. . . . It is, after all, the right to 'make and enforce contracts' which is protected by § 1981"

Defendant contends that in *Buckner v. Goodyear Tire and Rubber Co.*, 339 F.Supp. 1108 (D.C., 1972), aff'd, 476 F.2d 1287 (5th Cir. 1973) the above language in *Boudreaux* was impliedly overruled. In *Buckner* the action was brought by seven black employees against their employer and union contesting the validity of tests determining qualification for the company's apprenticeship program. No allegation was made of discriminatory discharge. The court noted the dictum in *Boudreaux* but felt the Fifth Circuit holding in *Sewell v. Grand Lodge of Intern'l Ass'n of Machinists*, 445 F.2d 545 (5th Cir. 1971) should take precedence over

*Boudreaux.* The court in *Buckner* thereafter concluded that:

"The plaintiffs' claims here for pre-1962 practices are not really for a breach of a promise, whether written or oral, but for a breach of a duty imposed by statute and Constitution. Indeed, plaintiffs through arbitration long since concluded pressed their claims arising under the contract—while we do not hold that the arbitration precluded other action, it is because the court action is based on the statutory duty independently of what the parties may or may not have agreed upon."

Plaintiff cites the above language in support of her contention that the Court could apply the three-year statute of limitation provided in Oklahoma for "an action upon a liability created by statute."

■ In *Sewell v. Grand Lodge of Intern'l Ass'n of Machinists,* supra, relied upon by the court in *Buckner,* a union representative brought an action against the union alleging that he was wrongfully discharged from his office by the president of the union. The action was not based upon § 1981, or any allegation of a civil rights violation, but rather on the Labor-Management Reporting and Disclosure Act. This Act does not contain a statute of limitation and the federal courts, as in Civil Rights actions, must rely on the limitation periods prescribed by the state in which the litigation arose. The Union insisted that plaintiff's action was *ex delicto,* an action for injury to personal rights guaranteed by law and subject to the one year statute of limitation for tort actions. Plaintiff contended that his action was *ex contractu.* The court first noted that in examining these contentions it must rely on plaintiff's complaint. The court thereafter noted that the complaint made no mention of a contract; that plaintiff merely alleged membership in the Union and employment by it in various capacities from time to time over a period of fifteen years. The court held that plaintiff's alleged grievance was the claimed denial of rights protected by federal law and therefore his claim was essentially in the

nature of a tort for the alleged violation of rights claimed under the Labor-Management Reporting and Disclosure Act. The court in *Dantagnan v. I.L.A. Local 1418, AFL–CIO,* 496 F.2d 400 (5th Cir. 1974) dealing with the same Act, stated that the holding in *Sewell* rested on the conclusion that as a matter of state law [the state] courts would have classified Sewell's course of action as *ex delicto* or tortious, "not . . . on a conclusion that as a matter of federal law all actions based on violations of the LMRDA are essentially tortious in nature." Similarly in the case at bar it would be erroneous for the Court to hold that all actions based on § 1981 are essentially of a contractual or tortious nature. Rather, the factual allegations of each case must be examined to determine how the state courts would classify the particular allegations made.

In the case at bar the Court is not, for example, dealing with an allegation that because of discriminatory practices an individual was not hired or promoted. Rather, the plaintiff in this action was discharged from employment, thereby severing the contractual relationship existing between the parties. Section 1981 specifically gives to all persons the right to "enforce contracts." In *Holly v. Alliance Rubber Company,* 380 F.Supp. 1128 (N.D.Ohio 1974) the plaintiff alleged employment discrimination, including a discriminatory policy of terminating the employment of black persons. The court held:

> "This Section 1981 action is for the breach of a contract not in writing, and therefore O.R.C. § 2305.07 controls."

Similarly, in *Page v. Curtiss-Wright Corporation,* D.C., 332 F.Supp. 1060, in which the plaintiff alleged discriminatory practices in employment, and brought action pursuant to § 1981, the court held:

> "It is thus readily perceptible that we deal here with a civil rights claim essentially founded upon a contractual right."

■ Based on the above, it is the determination of the Court that the three-year statute of limitation provided in 12 O.S. § 95 (Second) applies in the case at bar.

Defendant contends that even if the three-year statute of limitation applicable to an action based on contract is applicable, the action is barred since plaintiff was discharged October 30, 1972 and the Complaint was not filed herein until December 23, 1975. Plaintiff points out that on October 22, 1975, plaintiff filed her Application For Leave To File Action Under Title VII Of The Civil Rights Act of 1974 (sic) (sec. 2000e–5 of Title 42 U.S.C.) Without Payment Of Fees, Costs Or Security And For The Appointment of Counsel. Her Application was granted by Judge Allen E. Barrow on the same day. Plaintiff's Notice of Right to Sue was also filed on that date. The above mentioned papers were stamped with the case number 75–C–479 and the Application and Affidavit were captioned *Helen Wright v. St. John's Hospital.* Plaintiff contends that this constituted the bringing of a civil action within the three year period. Plaintiff further points out that on November 3, 1975 this Court entered an Order appointing Waldo E. Jones, II, attorney to represent the plaintiff. However, as cited by defendant, the Supreme Court in *Johnson v. Railway Express, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1974) expressly ruled that the filing of an action under Title VII does not toll the time for filing a suit under 42 U.S.C. § 1981. As stated by the Court:

> "Congress clearly has retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII. Petitioner freely concedes that he could have filed his § 1981 action at any time after his cause of action accrued; in fact, we understand him to claim an unfettered right so to do. Thus, in a very real sense, petitioner has slept on his § 1981 rights. The fact that his slumber may have been induced by faith in the adequacy of his Title VII remedy is of little relevance inasmuch as the two remedies are truly independent."

As alleged by the defendant, it had no notice that a § 1981 claim would be brought

until the Complaint was filed on December 23, 1975. Both the application for counsel and appointment thereof, notice of which was not received by defendant until November 3, 1975, made reference only to a Title VII claim. As previously stated, Title VII and § 1981 are truly independent remedies.

■ It is therefore the determination of the Court that plaintiff's cause of action based on 42 U.S.C. § 1981 is barred by the applicable statute of limitation and the § 1981 cause of action is hereby dismissed.

■ Defendant secondly contends that the statute of limitation has run on the 42 U.S.C. § 2000e claim. There appears to be a divergence of decisions in regard to whether the state statute of limitation is applicable in Title VII actions or whether the only limitation is that the action be filed within 90 days of receipt of the right to sue letter. In the case at bar, plaintiff sought appointment of counsel shortly after receiving her right to sue letter, certainly within the prescribed 90-day period. As noted by defendant, plaintiff could have demanded a right to sue letter after 180 days. Defendant states:

"Here, the pursuit of administrative remedies was mandatory only during the sixty-day deferral period to the state agency (42 U.S.C. § 2000e–5(c) and the 180-day period allowed exclusively to EEOC to investigate and act upon the charge. (42 U.S.C. § 2000e(f)(1))

.    .    .    .    .

"The plaintiff apparently filed her charge with a state agency on October 29, 1972, immediately upon learning that she was to be terminated. Thus, the 240-day period started to run on that date and expired on June 26, 1973. Therefore, assuming that the applicable two-year statute of limitations was tolled during that period, it began to run on June 26, 1973 and expired on June 26, 1975."

Applying this reasoning, the Court having determined that the three-year statute of limitation is applicable, plaintiff would have had until June 26, 1976 to file this suit.

Even if the statute were not tolled while the complaint was before the EEOC, plaintiff filed her application for appointment of counsel in this Court within three years of her discharge. In *Austin v. Reynolds Metal Company,* 327 F.Supp. 1145 (E.D.Va.1970) the jurisdictional issue before the court was whether complainants had filed their action within the thirty days then provided after receipt of their right to sue letter. The right to sue letter was dated October 1, 1968. On October 11, 1968 plaintiffs wrote to the United States Attorney's Office indicating their desire to have counsel appointed. On October 28, 1968 the court entered an order directing plaintiffs to appear and show cause why counsel should be appointed. On November 14, 1968 the court issued an order directing appointment of counsel. On December 13, 1968 appointed counsel filed a complaint. The court concluded that under these circumstances the dispute was fairly before the court before the thirty day period elapsed. Likewise, it is the determination of this Court that plaintiff's filing of her application for counsel was sufficient to meet the requirements of a filing. See also *Pace v. Super Value Stores Inc.,* 55 F.R.D. 187 (S.D.Iowa 1972).

Therefore, regardless of whether the Court holds that the only prerequisite to the filing of a Title VII action is that it be brought by the plaintiff within 90 days of receipt of the right to sue letter; or whether the Court imposes the three year statute of limitation, plaintiff's action is not barred. It is therefore the determination of the Court that defendant's Motion to Dismiss plaintiff's Title VII action is overruled.

■ The defendant further alleges that this action is not appropriately one for declaratory relief. As stated in C. Antieau, Federal Civil Rights Acts § 21 (1971):

"A plaintiff suing under 42 U.S.C. § 1981 can invoke the jurisdiction of the court to award 'damages or . . . equitable, or other relief under any act of Congress providing for the protection of civil rights. [28 U.S.C. § 1343(4)]

"Injunctive and declaratory relief, as well as damages, are appropriate forms of re-

lief to a plaintiff suing under the instant section."

Similarly, declaratory relief is proper in a Title VII action. In *Williams v. General Foods Corp.*, 492 F.2d 399 (7th Cir. 1974) the plaintiffs brought a Title VII action seeking, among other remedies, declaratory relief. The court held that declaratory relief might be appropriate even though the claimed discriminatory employment practice had been discontinued. The only limitation stated by the court was that "before a declaratory judgment defining the rights and obligations of parties may issue, there must be some likelihood of the recurrence of the alleged discriminatory policy." See also *Sullivan v. Winn-Dixie Greenville, Inc.*, 62 F.R.D. 370 (D.S.C.1974).

It is the determination of the Court that defendant's Motion to Dismiss plaintiff's cause of action for declaratory relief is overruled.

■ The defendant further contends that the Court has no jurisdiction of the action under the Fourteenth Amendment. As stated in 14 C.J.S. Civil Rights § 153 (1974):

"In an action in which recovery is sought for the deprivation of rights guaranteed by the First or Fourteenth Amendments to the federal constitution, it must be established that the conduct complained of was equivalent to either state or federal action."

See also *Post v. Payton*, 323 F.Supp. 799 (E.D.N.Y.1971). Plaintiff having made no allegation that the defendant in any manner acted under color of state or federal law, defendant's Motion to Dismiss plaintiff's cause of action based on the Fourteenth Amendment is sustained.

Defendant's final contention is that plaintiff's prayer for pain and suffering should be stricken. In *Loo v. Gerarge*, 374 F.Supp. 1338 (D.Hawaii 1974) the court sustained a similar motion, first noting that 42 U.S.C. § 2000e–5(g) provides for "such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable

relief as the court deems appropriate." As stated by the court:

"The statutory language makes clear that only *equitable* relief may be granted under 2000e–5(g), and punitive and compensatory damages have traditionally been classified as legal relief."

In *Van Hoomissen v. Xerox Corporation*, 368 F.Supp. 829 (N.D.Cal.1973) the court not only examined prior case decisions but also examined the legislative history of 42 U.S.C. § 2000e–5(g) and based thereon determined that plaintiff's prayers for compensatory and punitive damages should be stricken "on the ground that such relief is not provided for under Section 2000e–5(g) of Title VII." The court's analysis of the language and statutory history of Title VII yielded a finding that Title VII was modeled after Section 10(c) of the National Labor Relations Act, 29 U.S.C. § 160, under which compensatory and punitive damages are not allowable. It was also noted in *Van Hoomissen* that in 1968 Title VII was amended to allow the award of compensatory and punitive damages, whereas, the 1972 amendments to Title VII omit any such damage provisions. Likewise, in *Howard v. Lockheed-Georgia Co.*, 372 F.Supp. 854 (N.D.Ga.1974) the court noted that a "cursory reading of [42 U.S.C. § 2000e–5(g)] reveals that no provision is made for the award of general compensatory damages let alone punitive damages." The court quoting from *Attkison v. Bridgeport Brass Co.*, 5 EPD ¶ 8522 (S.D.Ind.1972) stated that "[t]he remedial intent of Title VII was to eliminate discriminatory practices rather than create a cause of action for personal injuries otherwise actionable."

■ While some support exists for awards of compensatory damages under Title VII, it is the determination of the Court that the omission of such a provision in the statute which sets forth the types of relief which may be afforded to an aggrieved person must be deemed to have been intentional. Defendant's Motion to Strike plaintiff's prayer for emotional pain and suffering is therefore sustained.

It is hereby Ordered that defendant's Motion to Dismiss plaintiff's cause of action based on 42 U.S.C. § 1981 is sustained.

It is further Ordered that defendant's Motion to Dismiss plaintiff's cause of action brought pursuant to Title VII is overruled.

It is further Ordered that defendant's Motion to Dismiss plaintiff's request for declaratory relief is overruled.

It is further Ordered that defendant's Motion to Dismiss plaintiff's cause of action based on the Fourteenth Amendment is sustained.

It is further Ordered that defendant's Motion to Strike plaintiff's prayer for emotional pain and suffering is sustained.