**Tommy SMITH and Shirley Ann Smith, Plaintiffs,**

v.

**WOODHOLLOW APARTMENTS, Defendant.**

**No. CIV–77–0501–D.**

United States District Court, W. D. Oklahoma.

March 31, 1978.

Michael T. Braswell, Oklahoma City, Okl., for plaintiffs.

Henry F. Featherly, Barry D. Mock, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

This is a civil rights action in which Plaintiffs seek damages and declaratory and injunctive relief for the alleged refusal of Defendant's agent to rent them an apartment because of discrimination based on race and sex. In their Complaint, Plaintiffs assert that the Court has jurisdiction of this action pursuant to the Thirteenth Amendment; 42 U.S.C. §§ 1981, 1982 and 1988; §§ 804, 810 and 812 of the Fair Housing Act of 1968, 42 U.S.C. §§ 3604, 3610 and 3612; Subchapter II of the Labor Management Relations Act of 1947, 29 U.S.C. § 151 et seq.; and the Equal Credit Opportunity Act Amendments of 1976, 15 U.S.C. § 1691 et seq. Defendant has filed herein a Motion to Dismiss this action and a Brief in support thereof. Plaintiffs have filed a Brief in opposition thereto.

In support of its Motion, Defendant contends that the Court should: (1) dismiss the portion of this action based on violations of the Fair Housing Act on the ground that this action was commenced more than one hundred eighty days after the alleged discriminatory act and is therefore barred by the period of limitations contained in 42 U.S.C. § 3612(a); and (2) dismiss the portion of this action based on 42 U.S.C. §§ 1981, 1982 and 1988 for lack of jurisdiction as allegations of deprivation of rights in violation of the Fair Housing Act preclude assertions of rights secured by §§ 1981, 1982 and 1988; that said sections do not provide an independent jurisdictional ground for a claim alleging private racial discrimination in housing practices; that said sections do not provide a jurisdictional ground for a claim alleging discrimination based on sex; that §§ 1981 and 1982 apply only to discrimination pursuant to state or community authority; that §§ 1981 and 1982 are declaratory only and set forth no standards, remedy or enforcement provi-

sions; and that the one hundred eighty day limitation period of 42 U.S.C. § 3612(a) expresses the intent of Congress in housing discrimination actions as §§ 1981, 1982 and 1988 provide no limitation period.

In their response Brief, Plaintiffs contend that under the Fair Housing Act, an aggrieved person may seek redress in the courts under 42 U.S.C. § 3610 or 3612 in the alternative; that allegations of jurisdiction under § 1981 are to be construed as asserting jurisdiction under 28 U.S.C. § 1343; that discrimination in the rental of housing may be considered under § 1981; that compensatory and punitive damages and attorneys fees may be awarded under §§ 1981 and 1982; and that an action brought under § 1981 is governed by "the most analogous state statute of limitations" which is 25 Okl.Stat.1971 § 1501 et seq. in this case and provides a two hundred seventy day period after the alleged discriminatory act for court action to be initiated.

■ The Fair Housing Act was designed to provide fair housing throughout the nation and is a valid exercise of congressional power under the Thirteenth Amendment to eliminate the badges and incidents of slavery. *Williams v. Matthews Co.,* 499 F.2d 819 (Eighth Cir. 1974), *cert. denied,* 419 U.S. 1021, 1027, 95 S.Ct. 495, 507, 42 L.Ed.2d 294, 302 (1974); *United States v. Hunter,* 459 F.2d 205 (Fourth Cir. 1972), *cert. denied,* 409 U.S. 934, 93 S.Ct. 235, 34 L.Ed.2d 189 (1972). In *Howard v. W. P. Bill Atkinson Enterprises,* 412 F.Supp. 610 (W.D.Okl.1975), this Court determined that the Fair Housing Act provides two avenues through which persons aggrieved by alleged violations of the Act may seek redress in federal court and stated:

"Under § 3610 an aggrieved party may file a complaint with the Secretary of Housing and Urban Development and seek informal administrative resolution of his complaint. If the Secretary fails to secure resolution of the complaint within a given time, the person aggrieved may

then bring a civil action. Under [§ 3612] an aggrieved person may, within 180 days of the act complained of, file a civil action based on alleged violations of one of the substantive provisions of the Act. These remedies are clearly in the alternative." 412 F.Supp. at 611.

The limitations period of § 3612 is not tolled while the aggrieved party pursues his administrative remedies under § 3610. *Jefferson v. Mentzell*, 409 F.Supp. 1 (N.D.Tex. 1976).

■ In the instant case, the discriminatory act complained of allegedly occurred on August 20, 1976, but Plaintiffs did not file this action until May 31, 1977, two hundred eighty-four days later. Thus, it is clear that Plaintiffs are out of time under § 3612 and are foreclosed from asserting a claim thereunder. *Jefferson v. Mentzell, supra; see Howard v. W. P. Bill Atkinson Enterprises, supra.* However, the question remains as to whether Plaintiffs are out of time under § 3610.

The pertinent provisions of § 3610 read as follows:

"(a) Any person who claims to have been injured by a discriminatory housing practice . . . may file a complaint with the Secretary. . . . Upon receipt of such a complaint the Secretary shall furnish a copy of the same to the person or persons who allegedly committed . . . the alleged discriminatory housing practice. Within thirty days after receiving a complaint . . . the Secretary shall investigate the complaint and give notice in writing to the person aggrieved whether he intends to resolve it. If the Secretary decides to resolve the complaint, he shall proceed to try to eliminate or correct the alleged discriminatory housing practice by informal methods of conference, conciliation, and persuasion . . .

.   .   .   .   .

(b) A complaint under subsection (a) of this section shall be filed within one hundred and eighty days after the alleged discriminatory housing practice occurred.

.   .   .   .   .

(d) If within thirty days after a complaint is filed with the Secretary . . . the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, . . . ."

The administrative complaint procedure set out above has been held to be a jurisdictional prerequisite to the maintenance of a civil action brought under § 3610. *Fair Housing Council of Bergen County, Inc. v. Eastern Bergen County Multiple Listing Service, Inc.*, 422 F.Supp. 1071 (D.N.J.1976); see *Wheatley Heights Neighborhood Coalition v. Jenna Resales Co.*, 429 F.Supp. 486 (E.D. N.Y.1977); *Johnson v. Decker*, 333 F.Supp. 88 (N.D.Cal.1971). In this regard, several courts have held that in order for an action to be maintainable in district court under § 3610, the plaintiff must have (1) filed a complaint with the Secretary charging a violation of the Fair Housing Act within one hundred eighty days after the discriminatory act allegedly occurred and (2) brought the civil action under consideration within the thirty day period commencing on the thirty-first day after the complaint was filed with the Secretary regardless of whether the action was filed within thirty days after the plaintiff received notice that HUD had terminated its efforts to resolve the dispute. See *Tatum v. Myrick*, 425 F.Supp. 809 (M.D.Fla.1977); *Sumlin v. Brown*, 420 F.Supp. 78 (N.D.Fla.1976); *Brown v. Blake & Bane, Inc.*, 402 F.Supp. 621 (E.D.Va.1975); *Young v. AAA Realty Company of Greensboro, Inc.*, 350 F.Supp. 1382 (M.D.N.C.1972). However, other courts have held that the thirty day period in which a plaintiff may file suit under § 3610 begins to run only when the plaintiff receives notice that HUD has failed to obtain voluntary compliance. See *Logan v. Richard E. Carmack & Associates*, 368 F.Supp. 121 (E.D.Tenn.1973); *Brown v. Ballas*, 331 F.Supp. 1033 (N.D.Tex.1971).

■ Except for Paragraph IV of Plaintiffs' Complaint wherein Plaintiffs allege

that they filed a complaint with the Secretary "[w]ithin the statutory period," there is nothing in the record presently before the Court in this case to indicate whether Plaintiffs filed their complaint with the Secretary within one hundred eighty days as required by § 3610(b). Furthermore, although Plaintiffs have attached to their Complaint herein a copy of the "right to sue" letter dated April 29, 1977, and issued to them by HUD, the Court is also unable to presently determine whether Plaintiffs brought the instant action within thirty days after they received said letter as there is nothing in the record to indicate when Plaintiffs actually received this letter. Therefore, regardless of which interpretation of the limitations provisions of § 3610 is followed, it is impossible to conclude that Plaintiffs' action was not timely filed due to the present state of the record.

In view of the foregoing, the Court finds and concludes that Defendant's Motion should be sustained and Plaintiffs' action dismissed insofar as 42 U.S.C. § 3612 is involved. However, as to 42 U.S.C. § 3610, Defendant's Motion should be overruled subject to reconsideration if it is later established that Plaintiffs' action was not timely filed under said section.

▬▬▬ Even if Plaintiffs' action was not timely filed under the Fair Housing Act, Plaintiffs may seek relief under 42 U.S.C. §§ 1981 and 1982 and invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1343.[1] *Tatum v. Myrick, supra; Sumlin v. Brown, supra; Jefferson v. Mentzell, supra; see Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Warren v. Norman Realty Co.,* 513 F.2d 730 (Eighth Cir. 1975), *cert. denied,* 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975); *Hickman v. Fincher,* 483 F.2d 855 (Fourth Cir. 1973); *McLaurin v. Brusturis,* 320

F.Supp. 190 (E.D.Wis.1970). Both § 1981 and § 1982 apply to private racial discrimination and are not limited to state action. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); *Jones v. Alfred H. Mayer Co., supra; Brady v. Bristol-Meyers, Inc.,* 459 F.2d 621 (Eighth Cir. 1972); *Cornelius v. Benevolent Protective Order of Elks,* 382 F.Supp. 1182 (D.Conn.1974); *Allen v. Gifford,* 368 F.Supp. 317 (E.D.Va.1973). However, both § 1981 and § 1982 are limited to instances of racial discrimination and are not applicable to discrimination on the basis of sex. *See Harbert v. Rapp,* 415 F.Supp. 83 (W.D.Okl.1976); *Knott v. Missouri Pacific Railroad Co.,* 389 F.Supp. 856 (E.D.Mo. 1975), *aff'd,* 527 F.2d 1249 (Eighth Cir. 1975); *Arnold v. Tiffany,* 359 F.Supp. 1034 (C.D.Cal.1973), *aff'd,* 487 F.2d 216 (Ninth Cir. 1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974). Actual and punitive damages as well as attorneys fees may be awarded in proper cases under §§ 1981 and 1982. *See Cooper v. Allen,* 493 F.2d 765 (Fifth Cir. 1974); *Seaton v. Sky Realty Co., Inc.,* 491 F.2d 634 (Seventh Cir. 1974); *Morales v. Haines,* 486 F.2d 880 (Seventh Cir. 1973); *Lamb v. Sallee,* 417 F.Supp. 282 (E.D.Ky.1976); *Parker v. Shonfeld,* 409 F.Supp. 876 (N.D.Cal.1976); *Allen v. Gifford, supra.* Neither § 1981 nor § 1982 provides a period of limitations for the cause of action created thereby. Therefore, federal courts must look to the most nearly analogous state statute of limitations to determine the time within which a cause of action may be commenced. *Wright v. St. John's Hospital,* 414 F.Supp. 1202 (N.D.Okl.1976); *Jefferson v. Mentzell, supra; see O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *Beard v. Stephens,* 372 F.2d 685 (Fifth Cir. 1967). In order to make this decision, the federal courts must examine the factual allegations

1. In the instant case, Plaintiffs allege that 42 U.S.C. §§ 1981, 1982 and 1988 give the Court jurisdiction of this action. However, the Court will construe Plaintiffs' allegations of jurisdiction under § 1981 and § 1982 as alleging jurisdiction under 28 U.S.C. § 1343. *See Quarles v. Texas,* 312 F.Supp. 835 (S.D.Tex.1970). § 1988 is procedural only and authorizes federal courts

to resort to remedies and procedures of state and common law where those of federal law are inadequate but does not create rights or confer jurisdiction on the federal courts. *Barr v. United States,* 478 F.2d 1152 (Tenth Cir. 1973), *cert. denied,* 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973).

in each case and determine how the state courts would classify the particular allegations made. *Wright v. St. John's Hospital, supra.*

█ In the instant case, Plaintiffs allege that Defendant discriminated against them on the basis of race in refusing to rent them an apartment. Oklahoma does not appear to have a statute dealing with an action for racial discrimination in housing. Defendant contends that the one hundred eighty day limitations period of 42 U.S.C. § 3612 should apply in this case. However, § 3612 is a federal statute and is obviously not an analogous state statute of limitations. Plaintiffs assert that 25 Okl.Stat.1971 § 1501 et seq. controls. However, these statutes merely establish the Oklahoma Human Rights Commission and the administrative and judicial procedures by which discriminatory practices are to be investigated and remedied by said Commission and are not analogous to the type of claim asserted in the instant action. Therefore, the Court finds that the most nearly analogous Oklahoma statute of limitations is 12 Okl. Stat.1971 § 95 which provides a two year period within which to bring an action for personal injuries. *See Jefferson v. Mentzell, supra; Hampton v. Roberts,* 386 F.Supp. 609 (W.D.Va.1974); *see also Hickman v. Fincher, supra.* As the instant case was filed just over nine months after the discriminatory act allegedly occurred, it is obvious that this action is timely under § 1981 and § 1982.

In view of the foregoing, the Court finds and concludes that Defendant's Motion should be sustained and Plaintiffs' action dismissed insofar as Plaintiffs are seeking recovery under §§ 1981 and 1982 for alleged discrimination on the basis of sex. The Court further finds that the cause of action alleged in Plaintiffs' Complaint is for racial discrimination in housing. Therefore, Subchapter II of the Labor Management Relations Act of 1947, *supra,* and the Equal Credit Opportunity Act Amendments of 1976, *supra,* are not involved herein and do not give the Court jurisdiction of this action. However, as racial discrimination in housing is actionable under §§ 1981 and 1982; actual and punitive damages and attorneys fees may be recovered in an action under said statutes; and Plaintiffs' action was timely filed under said statutes, Defendant's Motion to Dismiss Plaintiffs' action under §§ 1981 and 1982 for alleged racial discrimination should be overruled.

On October 4, 1977, the pretrial conference was held in this case and Plaintiffs' attorney was directed to prepare and file a pretrial order. Although Plaintiffs and Defendant have filed pretrial briefs herein, the pretrial order has not yet been filed. Therefore, the Court again directs Plaintiffs' attorney to prepare a pretrial order in accordance with the directions given at the pretrial conference and to file the same within ten (10) days of this date.