Arthur C. **KREIGER**

v.

**MERIFIELD ACRES, INC.,** et al.

**Civ. A. No. 78–0758–R.**

United States District Court, E. D. Virginia, Richmond Division.

Jan. 10, 1979.

Charles M. L. Mangum, Lynchburg, Va., for plaintiff.

Marvin D. Musselwhite, Jr., Raleigh, N. C., Thomas N. Parker, Jr., Clarksville, Va., for defendant Merifield Acres, Inc.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, Arthur C. Kreiger, brings this action against defendants Merifield Acres, Inc., Virgil Painter and James May under 42 U.S.C. §§ 1981, 1982, 3604, 3610, 3612 and 3612(b). Jurisdiction vests in this court pursuant to 28 U.S.C. §§ 1343(3) and (4), 28 U.S.C. § 2201 and 42 U.S.C. § 3612.

Plaintiff, a white citizen, was employed as a real estate agent by defendant Merifield Acres, Inc. (hereinafter referred to as "Merifield") a corporation which owned several tracts of land in Mecklenburg County, Virginia, known as Merifield Acres or Lake Kerr. Plaintiff alleges that, at real estate training sessions, he was instructed by defendant May not to give information about Merifield Acres to any black person, that he was informed of ways to avoid sending blacks to the home site area, and that he was later verbally reprimanded for sending a black family to Merifield Acres. Plaintiff further alleges that several black families inquired as to the availability of homes site lots, but that defendants refused to show available property or negotiate for the sale of available property to blacks. On July 7, 1977, plaintiff resigned from employment with Merifield. Plaintiff alleges that he

resigned because of Merifield's discriminatory practices. He seeks declaratory and injunctive relief as well as compensatory and punitive monetary damages. Merifield has submitted a motion to dismiss to which plaintiff has responded and the matter is ripe for disposition. For the reasons which follow, defendant Merifield's motion will be granted and the action will be dismissed.

■ Merifield first asserts that plaintiff, a white person, lacks standing to bring this action alleging deprivation of black persons' rights. Although Merifield recognizes that, under appropriate circumstances, a white person may base his action upon the rights and interests of a black third party, it asserts that plaintiff has failed to allege actual or imminent harm sufficient to place himself within the zone of interest protected by 42 U.S.C. §§ 1981, 1982, 3604, 3610 and 3612. It is their position that plaintiff's reference to loss of "potential" income resulting from defendant's alleged policy of excluding blacks from buying lots is merely "unadorned speculation" which "will not suffice to invoke the federal judicial power." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 44, 96 S.Ct. 1917, 1927, 48 L.Ed.2d 450 (1976).

Plaintiff alleges that he resigned from employment with Merifield due in part to "restriction of leads due to discrimination against blacks and the loss of potential income as a result thereof." He cites an instance wherein he recruited a potential black buyer and was reprimanded for doing so. "In sum, when a plaintiff's standing is brought into issue the relevant inquiry is whether, assuming justiciability, the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision." *Simon*, 426 U.S. at 38, 96 S.Ct. at 1924. By precluding plaintiff from recruiting blacks, Merifield would have divorced plaintiff from a substantial source of income. Assuming he could have proved this allegation, the Court is satisfied that he would show "a distinct and palpable injury to himself." *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). The Court concludes, therefore,

that plaintiff has standing to bring this action.

■ Addressing the merits of plaintiff's complaint, it is clear from the pleadings and accompanying documents that all of plaintiff's claims must be dismissed. Accepting the allegations in plaintiff's complaint as true for the purpose of this motion, plaintiff has been merely an indirect victim of racial discrimination leveled at blacks. 42 U.S.C. §§ 1981 and 1982 require that

> . . . For a plaintiff to predicate an action on these statutes (42 U.S.C. §§ 1981 and 1982), he must allege that he has been deprived of a right that, under similar circumstances would have been accorded to a person of a different race.

*Shore v. Howard*, 414 F.Supp. 379, 387 (N.D.Tex.1976) (citations omitted).

■ Plaintiff, a caucasian, alleges that he was deprived of the right to sell lots to blacks. The prospective black buyers, and not plaintiff, would be unlawfully discriminated against under the Civil Rights Act of 1866 on the basis of such a policy. There was no allegation of any direct discrimination due to race against plaintiff himself. Under the sales policy, as plaintiff has described it, all Merifield Acres salesmen, regardless of race, would be precluded from selling lots to blacks. Plaintiff was, therefore, not ". . . deprived of a right that, under similar circumstances would have been accorded to a person of a different race." Plaintiff has failed to state a claim under 42 U.S.C. §§ 1981 and 1982, and those claims must stand dismissed.

■ Plaintiff's 42 U.S.C. §§ 3604 and 3612 claims must also be dismissed. 42 U.S.C. § 3612(a) requires that a civil action brought under these sections be commenced no later than 180 days after the alleged discriminatory housing practice occurred. Plaintiff filed his complaint on July 28, 1977, 386 days after his July 7, 1977 resignation from employment with Merifield Acres. Plaintiff's 42 U.S.C. §§ 3604 and 3612 claims are therefore barred by the 180 day statute of limitations prescribed by 42 U.S.C. § 3612(a) and must be dismissed.

*See, Hickman v. Fincher*, 483 F.2d 855 (4th Cir. 1973); *Hampton v. Roberts*, 386 F.Supp. 609 (W.D.Va.1974).

■ Plaintiff's final claim, brought pursuant to 42 U.S.C. § 3610 of the Fair Housing Act, is likewise barred by the statute of limitations. 42 U.S.C. § 3610 provides in pertinent part that

(b) A complaint under subsection a. of this section shall be filed within 180 days after the alleged discriminatory housing practice occurred . . .

\* \* \* \* \* \*

(d) If within thirty days after a complaint is filed with the secretary or within thirty days after expiration of any period of reference under subsection (c) of this section, the secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States District Court, against the respondent named in the complaint, to enforce the rights granted or protected by this subchapter, insofar as such rights relate to the subject of the complaint.

42 U.S.C. § 3610(b) and (d) require that a 42 U.S.C. § 3610 claim be filed within sixty days after a complaint is filed with the secretary of Housing and Urban Development, and in no event later than two hundred and forty days after the discriminatory actions occurred. Plaintiff's 42 U.S.C. § 3610 claim is barred by the 42 U.S.C. § 3610(b) and § 3610(d) statute of limitations because he filed this action on July 28, 1978, three hundred and eighty-six days after his resignation from the employ of Merifield Acres and more than sixty days after filing his complaint with the secretary of Housing and Urban Development. *Brown v. Blake and Bane, Inc.*, 402 F.Supp. 621 (E.D.Va.1975). Plaintiff's 42 U.S.C. § 3610 claim will therefore be dismissed.