**Reuben C. JOHNSON et al., Plaintiffs,**

v.

**Carl H. DECKER et al., Defendants.**

**No. C–71 436.**

United States District Court,
N. D. California.

Oct. 20, 1971.

John B. Dickson, Kenneth D. Robin, of Angell, Adams & Holmes, San Francisco, Cal., for plaintiffs.

Ted W. Harris, of Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for defendants.

### ORDER DENYING MOTION TO DISMISS

WOLLENBERG, District Judge.

Plaintiffs commenced this action for damages based upon alleged racial discrimination, practiced by defendants in the rental of housing units. Jurisdiction is asserted under the Fair Housing Act of 1968, § 812, 42 U.S.C. § 3612, and 28 U.S.C. §§ 1343(3), 1343(4), and a declaratory judgment is sought pursuant to 28 U.S.C. § 2201. A second claim for relief is based upon the Civil Rights Act of 1866, Chapter 31, §§ 1 and 2, 42 U.S. C. §§ 1981, 1982. Pendent claims under the Rumford Fair Housing Act and the Unruh Civil Rights Act, Calif. Health and Safety Code, § 35700 et seq., and Calif. Civil Code, §§ 51 and 52 are also asserted.

Defendants filed their motion to dismiss for lack of jurisdiction of the subject matter pursuant to Rule 12(b) (1) F.R.Civ.P., upon the ground that plaintiffs had failed to exhaust their administrative remedies and had failed to exhaust the adequate state remedies which existed. The resolution of the question thus presented requires construction of both 42 U.S.C. § 3610(d) and § 3612 of the Fair Housing Act of 1968.[1]

A reading of those two sections must immediately raise questions regarding both their interaction and independence of each other. Section 3610(d) would seem to give a right of action only after a complaint has been filed with the Secretary of the Department of Housing and Urban Development (hereinafter HUD) with no resolution of the complaint within specified periods of time, at most sixty days from initiation of the administrative procedure. That action may be commenced in federal district court only if the state in which the wrong allegedly took place does not have substantially equivalent provisions regarding rights and remedies as compared to those provided in the Fair Housing Act of 1968. A venue provision is also included.

Section 3612 would appear to allow enforcement of the rights guaranteed by the Fair Housing Act by suit filed in any district court which meets that section's venue requirement *or* in state court. No prerequisite of seeking administrative relief from HUD is imposed. It is expressly provided, however, that the suit may be continued if the administrative efforts, in the Court's opinion, are likely to result in satisfactory settlement of the problem.

One of the plaintiffs in this action, whose husband and infant son are also plaintiffs, did file her complaint with HUD alleging discrimination by defendants on February 16, 1971. On March

---

1. 42 U.S.C. § 3610(d). If within thirty days after a complaint is filed with the Secretary or within thirty days after expiration of any period of reference under subsection (c) of this section, the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, against the respondent named in the complaint, to enforce the rights granted or protected by this subchapter, insofar as such rights relate to the subject of the complaint: *Provided*, That no such civil action may be brought in any United States district court if the person aggrieved has a judicial remedy under a State or local fair housing law which provides rights and remedies for alleged discriminatory housing practices which are substantially equivalent to the rights and remedies provided in this subchapter. Such actions may be brought without regard to the amount in controversy in any United States district court for the district in which the discriminatory housing practice is alleged to have occurred or be about to occur or in which the respondent resides or tranacts business. If the court finds that a discriminatory housing practice has occurred or is about to occur, the court may, subject to the provisions of section 3612 of this title, enjoin the respondent from engaging in such practice or order such affirmative action as may be appropriate.

42 U.S.C. § 3612(a). The rights granted by sections 3603, 3604, 3605, and 3606 of this title may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy and in appropriate State or local courts of general jurisdiction. A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred: *Provided, however*, That the court shall continue such civil case brought pursuant to this section or section 3610(d) of this title from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary or a State or local agency are likely to result in satisfactory settlement of the discriminatory housing practice complained of in the complaint made to the Secretary or to the local or State agency and which practice forms the basis for the action in court: *And provided, however*, That any sale, encumbrance, or rental consummated prior to the issuance of any court order issued under the authority of this Act, and involving a bona fide purchaser, encumbrancer, or tenant without actual notice of the existence of the filing of a complaint or civil action under the provisions of this Act shall not be affected.

5, 1971 this action was commenced. At the time of the hearing on this motion, the Court was informed that HUD had not finally disposed of the matter. Defendants argue that in any event, a person aggrieved by housing discrimination must first pursue his "administrative remedy". Only if HUD is unsuccessful may the party then resort to court, and then only under the limitations imposed by § 3610(d). Alternatively, defendants argue, even if the action provided for in § 3612 be regarded as an alternative to the administrative procedure, that once Mrs. Johnson made her complaint to HUD, the plaintiffs had elected their remedy and could not later bring this action under § 3612, but were left solely to the remedy provided by § 3610(d). Defendants would, that is, read into § 3612 an implied limitation that it be governed to some extent, at least, by the provisions of § 3610(d). Defendants make the same argument with respect to the claim for relief asserted under 42 U.S.C. §§ 1981, 1982, that is, that an implied limitation should be read into them to carry out the presumed intention of Congress in enacting the limitations contained in § 3610(d). The difficulty with defendants' theory with respect to § 3610 and § 3612 is, of course, that the sections are by their terms independent, and there are sufficient references in one to the other to indicate that the enactment of both was not based upon simple and pure confused duplication.

The parties have cited no cases, nor has the Court's research disclosed any, which decide the precise issue here presented. Colon v. Tompkins Square, 289 F.Supp. 104 (S.D.N.Y.1968) is relied upon by defendants. The Court there dismissed an action brought in federal district court upon the ground that the state remedy was substantially similar to the federal and that the proviso of § 3610(d), therefore, applied. The opinion did not indicate that the Court had given any consideration to the provisions of § 3612. It did hold the proviso limiting access to federal court of § 3610(d) applicable in the case of New York law. Brown v. Lo Duca, 307 F.Supp. 102 (E.D.Wis.1969) held squarely that § 3612 is an alternative remedy which can be pursued without the necessity of resorting to the procedure specified in § 3610. In that case, however, there had been no complaint filed by a party plaintiff with HUD. In order to uphold plaintiffs' cause of action here, it would be necessary to determine that §§ 3610(d) and 3612 are not merely alternatives, but that they are complementary and operate independently of each other.

The Court finds the thorough analysis of purpose and legislative history set out in Brown v. Lo Duca persuasive. The wording of the statute, remarks of legislators in the floor debate, and the nature of discrimination in housing all point to the conclusion that § 3612 should not be limited by the restrictions imposed in § 3610(d). We need not repeat that analysis here. Defendants, however, argue, even if the decision in the *Brown* case is accepted, that to allow the plaintiffs here to pursue this action while the matter is under consideration by HUD and is the subject of that department's administrative procedure, would be nothing less than allowing plaintiffs to engage in "harassment" of defendants by forcing them to defend on two fronts simultaneously. Defendants argue that the court should prevent such harassment by ruling that the filing of an administrative complaint with HUD constitutes an election of remedies and forces the complainant to forego whatever rights she may have under § 3612 and proceed exclusively under § 3610(d). Because of the disposition we reach on the election of remedies issue, the Court does not reach the subsidiary issue presented here by the fact that only one plaintiff, Ola A. Johnson, filed a complaint with HUD, and expresses no opinion regarding the implication in defendants' argument that her action must bind the other plaintiffs, her husband and infant son.

Some understanding of both the theory and practice of the HUD administrative proceeding is necessary to properly evaluate the defendants' argument that permitting this action to proceed would sanction "dual-front harassment". The HUD proceeding can scarcely be termed adjudicatory; the express language of the statute provides that upon filing the complaint, HUD must forward a copy of it to the party accused of the discriminatory practice, and HUD must thereafter determine whether it will try to resolve it, and notify the complaining party of its decision. If HUD does give such notice, it may proceed "by informal methods of conference, conciliation, and persuasion". § 3610(a). The "respondent" (the person accused by the complaint) *may* file an answer, but as far as can be determined from the act, no importance is attached to his failure to file or to respond in any manner. § 3610(b). HUD can force some response by use of subpoenas to compel production of witnesses and documents and accomplish inspection of premises, and by issuing interrogatories. § 3611(a). There is no indication that any compulsion was utilized in this matter by HUD, and that may well be explained by the fact that respondents did file an answer to the complaint of some eight single-spaced pages. But even should the respondent elect to refuse any cooperation to HUD, and even should HUD conclude that the respondent has practiced discrimination, HUD can take no action to compel respondent to cease and desist; court action may be taken only by the person aggrieved or by the Attorney General. §§ 3610(d), 3612, 3613. Moreover, anything developed in the course of the administrative proceeding cannot be disclosed by HUD unless "the persons concerned" consent in writing. § 3610(a). It would appear, therefore, that the HUD proceeding might be described as similar to a settlement conference with some elaboration of procedure. That description is in accord with the previously noted provision for continuance of any court action if there appears to be a likelihood of successful resolution by the informal administrative proceedings. § 3612(a). Further, it is provided that upon commencement of trial, all administrative efforts must cease. § 3610(f).

On the other hand, there is nothing in the provisions of § 3610(d) which expressly or implicitly bars the filing of suit under that section while the administrative efforts are proceeding. The suit there can be filed within a thirty day period which commences to run thirty days after filing of the complaint or after any period of reference to a state agency expires. There is no direction that the HUD procedures must be completed by any specified time, and indeed the provisions of § 3610(f) would seem to contemplate that pretrial work would be contemporaneous with the HUD efforts.

In sum, therefore, it must be concluded that a respondent in a HUD proceeding need do little, and the consequences of a HUD finding favorable to the complaining party are hardly of import. The respondent may, with perfect safety, assume a passive role. But even if the Court were to accept defendants' argument, the person accused of discrimination would still be subject to the "dual-front harassment" urged here as the principal reason for forcing an election of remedies. Instead of a § 3612 action in addition to the HUD proceeding, the accused party would be faced with a § 3610(d) suit and the administrative efforts. The fact that the § 3610(d) suit might be in state court would not seem to make a substantial difference as far as the burden of the dual proceeding is concerned. If the potential for harassment may be safely disregarded, and it would appear so, there would seem to be little reason not to construe § 3610(d) and § 3612 as what they appear to be: separate and independent provisions granting complementary remedies to the person who believes that he has been discriminated against in the sale or rental of housing because of his race, color, religion or na-

**92**

tional origin. Recognition of the fact that these provisions in the Fair Housing Act of 1968 were not contained in the bill as it was reported from the committees, but were rather inserted in the course of floor debate, see Brown v. Lo Duca, *supra*, 307 F.Supp. Fn. 1 at 104, affords some possible basis for understanding why, or more accurately, how two provisions, with such obviously different limitations could find their way into one piece of legislation. While the Court is aware of possible rational explanations for the differences,[2] these would seem to be much more in the nature of justifications rather than explications of congressional intent. It should be noted in passing that both parties apparently concede that in fact HUD interprets the act to allow a court proceeding while the conciliation efforts are on-going, and that interpretation is certainly entitled to some weight in attempting to reach a rational construction of the statute. United States v. American Trucking Associations, Inc., 310 U.S. 534, 549, 60 S.Ct. 1059, 84 L. Ed. 1345 (1940).

The above analysis applies even more strongly to the second claim for relief premised upon 42 U.S.C. §§ 1981, 1982. To conclude that the limitations of § 3610(d) should be read into actions brought under those provisions of the Civil Rights Act of 1866 would indeed require a much stronger showing of either legislative intent or policy considerations than defendants have been able to make here.

The Court concludes, therefore, that the motion to dismiss for lack of subject matter jurisdiction must be denied, and it is so ordered. While an argument might be made that the determination concerning the claim for relief based upon § 3612 should be the basis for an

interlocutory appeal pursuant to 28 U.S. C. § 1292(b), the presence of the § 1982 claim, in the Court's opinion, provides a solid base for this action proceeding to trial. The likelihood of materially advancing the ultimate termination of litigation by expedited appeal is non-existent.

by no means self-evident. There is at least as much reason to suggest that parties may desire to avail themselves of conciliation while the action is pending in the hope that settlement could be accomplished.

---

2. See, Discrimination in Employment and in Housing: Private Enforcement Provisions of the Civil Rights Acts of 1964 and 1968, 82 Harv.L.Rev. 834 (1969) at 857–859. The assertion contained there that to allow independent actions under § 3612 would render § 3610 meaningless is