Royce Lee HOWARD, Plaintiff,

v.

**W. P. BILL ATKINSON ENTERPRISES and Joe Atkinson, Defendants.**

Civ. No. 75–0431–D.

United States District Court,
W. D. Oklahoma,
Civil Division.

Nov. 6, 1975.

Theodore Haynes, Oklahoma City, Okl., for plaintiff.

J. Hugh Herndon, Midwest City, Okl., E. Melvin Porter, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

In this action Plaintiff charges Defendants with racial discrimination in the offer for sale of housing in violation of 42 U.S.C. § 3604. Jurisdiction is alleged under 42 U.S.C. § 3610 and 28 U.S.C. § 1334.

The allegations of the Complaint are essentially as follows:

Plaintiff is a black citizen of the United States and of this judicial district; on or about October 23, 1974 Defendants ran a newspaper advertisement for the sale of a house; Plaintiff called the number listed in the ad and spoke to Defendant Joe Atkinson; Joe Atkinson spoke in a curt and discourteous manner and informed Plaintiff that the house in question was no longer for sale; Plaintiff told a white fellow employee, Ray Drakes, about the conversation; Ray Drakes then called the listed number and spoke to Joe Atkinson; Drakes was addressed in a polite and courteous manner and was offered an appointment to further discuss the advertisement.

Defendants have filed herein a Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure. In this Motion Defendants assert that judgment should be entered in their favor on the merits of the case as the property in question had been sold five months prior to the running of the ad and that Defendants are now willing to comply with the ad by building Plaintiff another house under the terms thereof.[1] Defendants' Motion is supported by a copy of a contract for the sale of the subject house which apparently predates the events in question and an affidavit made by Bill Atkinson in which he states that after October 23, 1974 he offered to build Plaintiff a house in compliance with the terms of the subject ad. In their brief in support of their Motion for Summary Judgment Defendants raise a Motion to Dismiss for lack of subject matter jurisdiction. The gist of Defendants' Motion to Dismiss is that Plaintiff failed to exhaust his administrative remedies under the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. (all references hereinafter are to 42 U.S.C. unless otherwise noted) by filing a complaint of discrimination with the Department of Housing and Urban Development within 180 days of the alleged discriminatory act.

Plaintiff has responded to Defendants' Motion for Summary Judgment with an affidavit made by Ray Drakes in which Drakes reiterates the allegations of the Complaint in oath form. In response to Defendants' de facto Motion to Dismiss Plaintiff has submitted a copy of a letter he received from the Department of Housing and Urban Development. This letter is dated April 23, 1975. It states that the Department has terminated its conciliation efforts and that Plaintiff has 30 days within which to commence a civil action based on his Complaint.

The Fair Housing Act was promulgated as Title IV of the Civil Rights Act of 1968, which is an act of Congress dealing with Civil Rights, Riots, Fair Housing and Civil Obedience, to provide for fair housing throughout the United States. See § 3601. There are two avenues provided by the Act through which persons aggrieved by alleged violations of the Act may seek redress in United States District Courts. Under § 3610 an aggrieved party may file a complaint with the Secretary of Housing and Urban Development and seek informal administrative resolution of his complaint. If the Secretary fails to secure resolution of the complaint within a given time, the person aggrieved may then bring a civil action. Under § 3610 an aggrieved person may, within 180 days of the act complained of, file a civil action based on alleged violations of one of the substantive provisions of the Act. These remedies are clearly in the alternative. *Brown v. Lo Duca,* 307 F.Supp. 102 (E.D.Wis.1969); *Johnson v. Decker,* 333 F.Supp. 88 (N.D.Cal.1971); *Crim v. Glover,* 338 F.Supp. 823 (S.D.Ohio 1972).

---

1. The house in question was apparently built under some sort of rural housing program for low income families.

█ The discriminatory acts complained of in this case allegedly occurred on October 23, 1974. This action was not filed until May 23, 1975, 212 days later. Thus it is clear that Plaintiff is out of time under § 3612. However, it does not conclusively appear that he is also out of time under § 3610. The pertinent provisions of § 3610 read as follows:

"(a) Any person who claims to have been injured by a discriminatory housing practice . . . may file a complaint with the Secretary. . . . Upon receipt of such a complaint the Secretary shall furnish a copy of the same to the person or persons who allegedly committed . . . the alleged discriminatory housing practice. Within thirty days after receiving a complaint . . . the Secretary shall investigate the complaint and give notice in writing to the person aggrieved whether he intends to resolve it. If the Secretary decides to resolve the complaint, he shall proceed to try to eliminate or correct the alleged discriminatory housing practice by informal methods of conference, conciliation, and persuasion . . .

 *     *     *     *     *     *

(b) A complaint under subsection (a) of this section shall be filed within one hundred and eighty days after the alleged discriminatory housing practice occurred.

 *     *     *     *     *     *

(d) If within thirty days after a complaint is filed with the Secretary . . . the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, . . ."

There is insufficient information before the Court for a determination as to whether Plaintiff filed his complaint with the Secretary within 180 days of October 23, 1974. The only information that is before the

Court shows that the Department notified Plaintiff it was terminating its conciliation efforts 182 days after the alleged acts of discrimination. On this state of the record dismissal for failure to file with the Secretary within 180 days of the alleged act of discrimination would be inappropriate.

█ The second issue raised herein is whether the fact that the house in question had been sold five months prior to October 23, 1974 is a defense to Plaintiff's Complaint. Assuming arguendo that the evidentiary materials submitted by Defendants do in fact show that the house had been sold prior to the running of the ad,[2] Defendants have still failed to state a complete defense to Plaintiff's Complaint. § 3604 reads in part as follows:

"As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

(a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, or national origin."

Thus, the Act makes it illegal for a person to refuse to negotiate for the sale of a dwelling because of another person's color or race. In this case it has been alleged, and no evidentiary materials to the contrary have been submitted with Defendants' Motion for Summary Judgment, that when Plaintiff called he was simply informed that the house in question was no longer for sale but that when his white fellow employee called he was offered an appointment to further discuss the ad. Whether the purpose of the alleged offered appointment was to discuss the house in question or another house is not clear. If the purpose was to discuss the house in question, clearly there could be a violation of the Act. If the purpose was to discuss the sale of another house there still might

---

2. The evidentiary materials on this point submitted by Defendants consist solely of a conditional sales contract on the property in question. The Court finds this contract to be un-

convincing as conclusive evidence of prior sale as there is no evidence that the sale was ever closed and title passed and the date on the contract is illegible.

be a violation of the Act in that such actions, under all the facts of the case, could be construed as an offer to negotiate made to one person but refused to another on account of race. As these two possibilities have not been approached in Defendants' Motion Summary Judgment is inappropriate herein. Accordingly, Defendants' Motion for Summary Judgment should also be overruled.