Charles W. MORGAN, III, and Leslie Karen Morgan, Plaintiffs,

v.

PARCENER'S LTD, Partnership, Defendant.

No. CIV–77–0496–D.

United States District Court, W. D. Oklahoma.

May 11, 1978.

Michael T. Braswell, E. Melvin Porter, Jethro Currie, Oklahoma City, Okl., for plaintiffs.

Stephen P. Friot, George S. Corbyn, Jr., Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is a civil rights action in which Plaintiffs seek damages and declaratory and injunctive relief for Defendant's alleged refusal to rent Plaintiffs an apartment because of discrimination based on race. In their Complaint, Plaintiffs assert that the Court has jurisdiction of this action pursuant to the Thirteenth Amendment; 42 U.S.C. §§ 1981, 1982, and 1988; §§ 804, 810

and 812 of the Fair Housing Act of 1968 (Fair Housing Act), 42 U.S.C. §§ 3604, 3610 and 3612; 28 U.S.C. § 1343; and Subchapter II of the Labor Management Relations Act of 1947 (Labor Management Relations Act), 29 U.S.C. § 151 et seq. Defendant Parceners, Limited has filed herein a Motion for Partial Summary Judgment and a supporting Brief. Plaintiffs have filed a Brief in opposition to said Motion.

In support of its Motion, said Defendant contends that the Court should enter partial summary judgment in favor of Defendant on the following claims in this case: (a) the Fair Housing Act claims of both Plaintiffs as their claims under said Act are barred by the statute of limitations and Plaintiff Leslie Karen Morgan filed no Fair Housing Act complaint with the Secretary of Housing and Urban Development (HUD); (b) the claims of both Plaintiffs under 42 U.S.C. § 1988 and 29 U.S.C. § 151 et seq. as said statutes have no application to the subject matter of the instant case; and (c) the claim of Plaintiff Leslie Karen Morgan under 42 U.S.C. §§ 1981 and 1982 as Defendant never dealt with her, never refused to contract with her and never refused to lease an apartment to her.

In their response Brief, Plaintiffs contend that their cause of action under the Fair Housing Act is timely; that § 1988 applies in this case; and that they are husband and wife and were acting as such at the time they were denied housing by Defendant. Plaintiffs have withdrawn their allegations of jurisdiction under 29 U.S.C. § 151 et seq. and concur in Defendant's Motion on this point.

■■■ The Fair Housing Act was designed to provide fair housing throughout the nation and is a valid exercise of congressional power under the Thirteenth Amendment to eliminate the badges and incidents of slavery. *Williams v. Matthews Co.,* 499 F.2d 819 (Eighth Cir.1974), *cert. denied,* 419 U.S. 1021, 1027, 95 S.Ct. 495, 507, 42 L.Ed.2d 294, 302 (1974); *United States v. Hunter,* 459 F.2d 205 (Fourth Cir. 1972), *cert. denied,* 409 U.S. 934, 93 S.Ct. 235, 34 L.Ed.2d 189 (1972). In *Howard v. W. P. Bill Atkinson Enterprises,* 412 F.Supp. 610 (W.D.Okl.1975), this Court determined that the Fair Housing Act provides two avenues through which persons aggrieved by alleged violations of the Act may seek redress in federal court and stated:

"Under § 3610 an aggrieved party may file a complaint with the Secretary of Housing and Urban Development and seek informal administrative resolution of his complaint. If the Secretary fails to secure resolution of the complaint within a given time, the person aggrieved may then bring a civil action. Under [§ 3612] an aggrieved person may, within 180 days of the act complained of, file a civil action based on alleged violations of one of the substantive provisions of the Act. These remedies are clearly in the alternative." 412 F.Supp. at 611.

The limitations period of § 3612 is not tolled while the aggrieved party pursues his administrative remedies under § 3610. *Jefferson v. Mentzell,* 409 F.Supp. 1 (N.D.Tex. 1976).

■■■ In the instant case, the last discriminatory act complained of allegedly occurred on October 15, 1976, but Plaintiffs did not file this action until May 27, 1977, two hundred twenty-four days later. Thus, it is clear that Plaintiffs are out of time under § 3612 and are foreclosed from asserting a claim thereunder. *Jefferson v. Mentzell, supra; see Howard v. W. P. Bill Atkinson Enterprises, supra.* However, the question remains as to whether Plaintiffs are out of time under § 3610.

The pertinent provisions of § 3610 read as follows:

"(a) Any person who claims to have been injured by a discriminatory housing practice . . . may file a complaint with the Secretary. . . . Upon receipt of such a complaint the Secretary shall furnish a copy of the same to the person or persons who allegedly committed . . . the alleged discriminatory housing practice. Within thirty days after receiving a complaint . . . the Secretary shall investigate the complaint

and give notice in writing to the person aggrieved whether he intends to resolve it. If the Secretary decides to resolve the complaint, he shall proceed to try to eliminate or correct the alleged discriminatory housing practice by informal methods of conference, conciliation, and persuasion. . . .

. . . . .

(b) A complaint under subsection (a) of this section shall be filed within one hundred and eighty days after the alleged discriminatory housing practice occurred.

. . . . .

(d) If within thirty days after a complaint is filed with the Secretary . . the Secretary has been unable to obtain voluntary compliance with this subchapter, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, . . .."

The administrative complaint procedure set out above has been held to be a jurisdictional prerequisite to the maintenance of a civil action brought under § 3610. *Fair Housing Council of Bergen County, Inc. v. Eastern Bergen County Multiple Listing Service, Inc.*, 422 F.Supp. 1071 (D.N.J.1976); *see Wheatley Heights Neighborhood Coalition v. Jenna Resales Co.*, 429 F.Supp. 486 (E.D. N.Y.1977); *Johnson v. Decker*, 333 F.Supp. 88 (N.D.Cal.1971). In this regard, several courts have held that in order for an action to be maintainable in district court under § 3610, the plaintiff must have (1) filed a complaint with the Secretary charging a violation of the Fair Housing Act within one hundred eighty days after the discriminatory act allegedly occurred and (2) brought the civil action under consideration within the thirty day period commencing on the thirty-first day after the complaint was filed with the Secretary regardless of whether the action was filed within thirty days after the plaintiff received notice that HUD had terminated its efforts to resolve the dispute. *See Goodman v. Platt*, 444 F.Supp. 140 (N.D.Okl.1978); *Tatum v. Myrick*, 425 F.Supp. 809 (M.D.Fla.1977); *Sumlin v. Brown*, 420 F.Supp. 78 (N.D.Fla.1976);

*Brown v. Blake & Bane, Inc.*, 402 F.Supp. 621 (E.D.Va.1975); *Young v. AAA Realty Company of Greensboro, Inc.*, 350 F.Supp. 1382 (M.D.N.C.1972). However, other courts have held that the thirty day period in which a plaintiff may file suit under § 3610 begins to run only when the plaintiff receives notice that HUD has failed to obtain voluntary compliance. *See Logan v. Richard E. Carmack & Associates*, 368 F.Supp. 121 (E.D.Tenn.1973); *Brown v. Ballas*, 331 F.Supp. 1033 (N.D.Tex.1971).

■ In the instant case, Exhibit 2 to the deposition of Plaintiff Charles W. Morgan, III is the complaint he filed with the Secretary of HUD on November 26, 1976. This action was not filed until May 27, 1977, long after the period of limitations provided by § 3610(d) had expired according to the weight of authority.

In view of the foregoing, the Court finds and concludes that Defendant's Motion should be granted and Plaintiffs' action dismissed insofar as Plaintiffs are seeking recovery under the Fair Housing Act as Plaintiffs' action is untimely under both 42 U.S.C. § 3610 and § 3612.

Even if Plaintiffs' action was not timely filed under the Fair Housing Act, Plaintiffs may seek relief under 42 U.S.C. §§ 1981 and 1982 and invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1343. *Tatum v. Myrick, supra; Sumlin v. Brown, supra; Jefferson v. Mentzell, supra; see Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Warren v. Norman Realty Co.*, 513 F.2d 730 (Eighth Cir.1975), *cert. denied*, 423 U.S. 855, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975); *Hickman v. Fincher*, 483 F.2d 855 (Fourth Cir.1973); *McLaurin v. Brusturis*, 320 F.Supp. 190 (E.D.Wis.1970).

■ In addition to 42 U.S.C. §§ 1981 and 1982 and 28 U.S.C. § 1343, Plaintiffs have alleged in their Complaint that the Court has jurisdiction of the instant case pursuant to 42 U.S.C. § 1988. However, § 1988 is procedural only and authorizes federal courts to resort to remedies and procedures of state and common law where

those of federal law are inadequate but does not create rights or confer jurisdiction on the federal courts. *Barr v. United States,* 478 F.2d 1152 (Tenth Cir.1973), *cert. denied,* 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973). Although § 1988 does not confer jurisdiction of Plaintiffs' action on the Court, the Court is unable to conclude that § 1988 has "no application" to this case as Defendant contends. Therefore, Defendant's Motion should be overruled insofar as § 1988 is concerned.

As Plaintiffs have concurred in Defendant's Motion insofar as the Labor Management Relations Act is involved, Defendant's Motion should be granted on this point.

Defendant's final contention in support of its Motion is that it is entitled to judgment against Leslie Karen Morgan on her claim under 42 U.S.C. §§ 1981 and 1982 as Defendant neither dealt with said Plaintiff, refused to contract with her nor refused to lease an apartment to her. In order for both Plaintiffs to recover under §§ 1981 and 1982, they must prove: (1) that Defendant (or its agent) placed property on the open market for rental; (2) that Plaintiffs were willing to rent the property on the terms specified by Defendant; (3) that Plaintiffs communicated this willingness to Defendant at a time when the property was available for rent; (4) that Defendant refused to rent the property to Plaintiffs on the terms which Defendant indicated would otherwise be satisfactory; and (5) that there was no apparent reason for Defendant to refuse to rent the property to Plaintiffs other than Plaintiffs' race. *See Johnson v. Albritton,* 424 F.Supp. 456 (M.D.La. 1977); *Lamb v. Sallee,* 417 F.Supp. 282 (E.D.Ky.1976); *Fred v. Kokinokos,* 347 F.Supp. 942 (E.D.N.Y.1972); *Bush v. Kaim,* 297 F.Supp. 151 (N.D.Ohio 1969); *see also Tatum v. Myrick, supra.*

In the instant case, Plaintiffs have alleged in their Complaint that they are husband and wife and that because of their race they "were not accorded the privilege to rent, lease, or be placed on the waiting list for possible vacancies" at Defendant's apartments. Defendant contends that the affidavits of its agents submitted in connection with its Motion and the deposition testimony on file herein establish that it never denied housing to Plaintiff Leslie Karen Morgan. However, Plaintiffs stated in their Brief in response to Defendant's Motion that they "were acting together as one unit to obtain housing" and "that *they,* as husband and wife, were denies [sic] housing." Thus, it appears that there is a genuine issue as to whether Defendant in fact denied housing to Plaintiff Leslie Karen Morgan due to her race in violation of §§ 1981 and 1982. Accordingly, summary judgment on this issue is inappropriate and Defendant's Motion for the same should be overruled subject to reconsideration at the trial of this action. Rule 56, Federal Rules of Civil Procedure; *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202 (Tenth Cir.1977); *Williams Petroleum Co. v. Midland Cooperatives, Inc.,* 539 F.2d 694 (Tenth Cir.1976); *Redhouse v. Quality Ford Sales, Inc.,* 511 F.2d 230 (Tenth Cir. 1975); *Dzenits v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 494 F.2d 168 (Tenth Cir.1974).

In view of the foregoing, the Court finds and concludes that Defendant's Motion should be sustained and Plaintiffs' action dismissed insofar as Plaintiffs are seeking recovery under the Fair Housing Act and the Labor Management Relations Act. However, as racial discrimination in housing its actionable under 42 U.S.C. §§ 1981 and 1982, Defendant's Motion for Partial Summary Judgment on Plaintiffs' claims under 42 U.S.C. § 1988 and Plaintiff Leslie Karen Morgan's claims under §§ 1981 and 1982 should be overruled.

On November 3, 1977, the pretrial conference was held in this case and Plaintiffs' attorney was directed to prepare and file a pretrial order in this case. As this has not yet been done, the Court again directs Plaintiffs' attorney to prepare a pretrial order in accordance with the directions given at the pretrial conference and to file the same within ten (10) days of this date.