**Gina GRIEGER and Ezekiel Carter, Annette Hicks, Sharon Humphres, Regina Parks and Deborah McLien, Plaintiffs,**

**v.**

**Walter SHEETS, Defendant.**

**No. 87 C 6567.**

United States District Court, N.D. Illinois, E.D.

June 21, 1988.

**836**

F. Willis Caruso, Michael Kalven, Leadership Council for Metropolitan Open Communities, Michael J. Mueller, Elizabeth Shuman–Moore, Keck Mahin & Cate, Chicago, Ill., for plaintiffs.

David A. Axelrod, Kenneth A. Dean, Feiwell Galper & Lasky, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Gina Grieger and Ezekial Carter have filed this action against defendant Walter Sheets for sexual harassment in alleging violation of Title VIII of the Civil Rights Act of 1968, the Fair Housing Act, 42 U.S.C. § 3601–3631 (West Supp.1988).[1] Currently before the Court is Sheet's motion to dismiss Count I for lack of subject matter jurisdiction, statute of limitations violations and failure to state a claim upon which relief can be granted. Fed.Civ.P. 12(b)(2) and 12(b)(6). For the reasons noted below, we deny the motion.

### I.

The following facts are taken from Count I of the complaint.[2] Count I refers only to plaintiffs Grieger and Carter. Grieger and Carter, who are married with two children, began renting a house in Beach Park, Illinois, that was owned and managed by Sheets on December 1, 1986. At the inception of their rental agreement, Sheets told Grieger that the house needed repairs and that he would perform them after she signed the lease. Approximately two weeks into the tenancy, on December 17, 1986, Sheets demanded "sexual favors" from her and told her that compliance with his demands was a condition to her continued tenancy and to his performance of repairs. Requests for sexual favors were neither solicited nor desired by Grieger. The complaint alleges that these demands are "continuing to the present."

Because Grieger refused Sheets' demands, he has harassed and intimidated Grieger and Carter. This harassment and intimidation has included threatening to shoot Carter, not doing the repairs on the house, damaging Carter and Grieger's property, advising Grieger that the lease would not be renewed and forcing Grieger and Carter to get rid of their dog.

### II.

Sheets challenges Count I of the complaint on three grounds. First, he contends that the claim was untimely filed in federal court. Second, that the claim cannot be heard in federal court as plaintiffs have *elected* an administrative remedy under 42 U.S.C. § 3610. Finally, Sheets contends that Count I should be dismissed in part for failure to state a claim under 42 U.S.C. § 3617.

### A.

Sheets first moves to dismiss Count I on the grounds that Grieger and Carter have failed to file their complaint within the applicable statutes of limitation, 42 U.S.C. § 3612(a). That section states that "[t]he rights granted by sections 3603,

---

**1.** *See generally Shellhammer v. Lewallen, Fair Hous./Fair Fend.* (P–H) ¶ 15,472 (W.D.Ohio Nov. 12, 1983); Comment, *Home is no Haven: An Analysis of Sexual Harassment in Housing* 1987 *Wisc.L.Rev.* 1061.

**2.** A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Hishon v. King & Spaulding,* 467 U.S.

69, 73, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). On a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the allegations of the complaint must be taken as true and viewed along with all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. *Redfield v. Continental Casualty,* 818 F.2d 596, 605–06 (7th Cir.1987).

3604, 3605 and 3606 of this title may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy and in appropriate State or local courts of general jurisdiction. A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred...." 42 U.S.C. § 3612(a).

In this case the complaint alleges "[b]eginning on or about December 17, 1986, and continuing *to the present,* defendant has demanded sexual favors from plaintiff Gina Grieger and told her that compliance with such demands is a condition to her continued tenancy of the house and to his performance of repairs." (Amended Complaint ¶ 7) (emphasis added). The complaint in this action was filed on July 24, 1987, 216 days after December 17, 1986, the date the alleged harassment began. However, in *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982), the Supreme Court recognized that acts of discrimination can be continuing in nature and that the 180 day limitations period of 42 U.S.C. § 3612(a) is met when a claim is filed within 180 days of the last occurrence of the discriminatory act. *Id.* at 380–81, 102 S.Ct. at 1125. Be-

cause this is a motion to dismiss, we can only dismiss the complaint for failure to file within the limitation period if the facts supporting that defense appear on the face of the complaint. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 (1969).[3] We find that plaintiffs' allegation that the harassment has continued to the present adequately alleges that the complaint was filed with the limitation period. Accordingly, Sheets' motion to dismiss for failing to comply with the statute of limitations is denied.[4]

**B.**

On January 14, 1987, Grieger filed a complaint with the Department of Housing and Urban Development's ("HUD") regional office in Chicago. She charged Sheets with threatening to evict her and stop repairs if she did not go to bed with him once a month. HUD forwarded the complaint to Sheets with a standard cover letter asking for a response and explaining HUD's role in reaching an amicable settlement to the charge.

■ Sheets contends that Grieger's filing of this administrative claim with HUD is an election of remedies that precludes federal court jurisdiction under 42 U.S.C. § 3612(a).[5] Sheets contends that when a

---

3. In support of his motion for summary judgment, Sheets relies on factual assertions contained in affidavits plaintiffs filed in support of their request for injunctive relief. However, because these affidavits were not adopted by reference in the complaint under Fed.R.Civ.P. 10(c), we cannot consider them in resolving this motion to dismiss. Accordingly, we look only to the allegations of the complaint.

4. Plaintiffs also argue that even if they missed the 180 days under § 3612, their claims under § 3617 would not be barred because the 180–day limitation in § 3612 does not apply to § 3617. *See, e.g., Smith v. Stechel,* 510 F.2d 1162 (9th Cir.1975). The complaint, however, does not set out the dates on which plaintiffs were coerced, intimidated or threatened by Sheets. Because there is no basis to dismiss plaintiffs' claim under § 3617 on the face of the complaint, we need not address this argument at this time.

5. Section 3612(a) states:
　(a) Civil action; Federal and State jurisdiction; complaint; limitations; continuance pending conciliation efforts; prior bona fide

transactions unaffected by court orders. The rights granted by section 803, 804, 805, and 806 [42 USCS §§ 3603–3606] may be enforced by civil actions in appropriate United States district courts without regard to the amount in controversy and in appropriate State or local courts of general jurisdiction. A civil action shall be commenced within one hundred and eighty days after the alleged discriminatory housing practice occurred: Provided, however, That the court shall continue such civil case brought pursuant to this section or section 810(d) [42 USCS § 3610(d)] from time to time before bringing it to trial if the court believes that the conciliation efforts of the Secretary or a State or local agency are likely to result in satisfactory settlement of the discriminatory housing practice complained of in the complaint made to the Secretary or to the local or State agency and which practice forms the basis for the action in court: And provided, however, That any sale, encumbrance, or rental consummated prior to the issuance of any court order issued under the authority of this Act, and involving a bona fide purchaser, encumbrancer, or ten-

complaint is filed with HUD pursuant to 42 U.S.C. § 3610(a),[6] another section, 3610(d), then prohibits an action from being "brought in any United States district court if the person aggrieved has a judicial remedy under a State or local fair housing law which provides rights and remedies for alleged discriminatory housing practices which are substantially equivalent to the rights and remedies provided in this title. 42 U.S.C. § 3610(d).[7] Sheets concludes that because Illinois has a fair housing law Grieger is bound by her election of remedies and must proceed in state court.[8]

Initially, we observe that the Supreme Court has held that § 3610 and § 3612 are separate and independent enforcement mechanisms. There is no requirement that

plaintiffs first must pursue the administrative remedy set out in § 3610 before bringing a civil action under § 3612. *Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 103–04, 99 S.Ct. 1601, 1609–10, 60 L.Ed.2d 66 (1979). The question Sheets raises is that, although Grieger could have foregone the administrative path set out in § 3610 and filed directly under § 3612, was her decision to initiate the administrative remedies in § 3610, an *election* of remedies which now precludes an independent civil suit under § 3612? We do not think so.

First, the only authority Sheets cites in support of his position supports the position of Grieger. In *Stingley v. City of Lincoln Park,* 429 F.Supp. 1379 (E.D.Mich. 1977), the court *sua sponte* raised the issue

---

ant without actual notice of the existence of the filing of a complaint or civil action under the provisions of this Act shall not be affected.

6.  Section 3610(a) states:

    (a) Person aggrieved; complaint; copy; investigation; informal proceedings; violations of secrecy; penalties. Any person who claims to have been injured by a discriminatory housing practice or who believes that he will be irrevocably injured by a discriminatory housing practice that is about to occur (hereinafter "person aggrieved") may file a complaint with the Secretary. Complaints shall be in writing and shall contain such information and be in such form as the Secretary requires. Upon receipt of such a complaint the Secretary shall furnish a copy of the same to the person or persons who allegedly committed or are about to commit the alleged discriminatory housing practice. Within thirty days after receiving a complaint, or within thirty days after the expiration of any period of reference under subsection (c), the Secretary shall investigate the complaint and give notice in writing to the person aggrieved whether he intends to resolve it. If the Secretary decides to resolve the complaint, he shall proceed to try to eliminate or correct the alleged discriminatory housing practice by informal methods of conference, conciliation, and persuasion. Nothing said or done in the course of such informal endeavors may be made public or used as evidence in a subsequent proceeding under this title without the written consent of the person concerned. Any employee of the Secretary who shall make public any information in violation of this provision shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not more than $1,000 or imprisoned not more than one year.

7.  Section 3610(d) states in full:

(d) Commencement of civil actions; state or local remedies available; jurisdiction and venue; findings; injunctions; appropriate affirmative orders. If within thirty days after a complaint is filed with the Secretary or within thirty days after expiration of any period of reference under subsection (c), the Secretary has been unable to obtain voluntary compliance with this title, the person aggrieved may, within thirty days thereafter, commence a civil action in any appropriate United States district court, against the respondent named in the complaint, to enforce the rights granted or protected by this title, insofar as such rights relate to the subject of the complaint: Provided, That no such civil action may be brought in any United States district court if the person aggrieved has a judicial remedy under a State or local fair housing law which provides rights and remedies for alleged discriminatory housing practices which are substantially equivalent to the rights and remedies provided in this title. Such actions may be brought without regard to the amount in controversy in any United States district court for the district in which the discriminatory housing practice is alleged to have occurred or be about to occur or in which the respondent resides or transacts business. If the court finds that a discriminatory housing practice has occurred or is about to occur, the court may, subject to the provisions of section 812 [42 USCS § 3612], enjoin the respondent from engaging in such practice or order such affirmative action as may be appropriate.

8.  Because plaintiff Carter did not file a complaint prior to bringing an action under § 3612, this argument has no effect upon Carter's right to bring a suit under § 3612 for redress. Accordingly, the argument only applies to Grieger's claims.

of whether it had jurisdiction to hear plaintiff's housing discrimination complaint. The court noted that, because plaintiff "elected" to proceed under § 3610, she could not file a lawsuit in federal court upon the conclusion of the administrative process because she had a judicial remedy under Michigan law. *Id.* at 1390. Accordingly, the court concluded that it did not have jurisdiction to hear her complaint under § 3610 *because* she had to go to state court. The court next, however, considered plaintiff's argument that the federal court could still retain jurisdiction but only under § 3612. The court correctly observed, as *Gladstone* eventually concluded, that "Title VIII appears to provide an alternate course of action for aggrieved parties, and that is they may institute civil actions in the United States District Courts without regard to first filing administrative complaints. Section 3612 of the Act provides that an action may be commenced in an appropriate United States District Court within one hundred and eighty (180) days after the alleged discriminatory housing practice occurred." *Id.* In concluding that the plaintiff's cause, however, was still not saved by § 3612, the court found that plaintiff had missed the 180–day deadline under § 3612 when she filed her complaint. "The alleged discriminatory housing practice in this case occurred on June 7, 1973. Litigation was not commenced until September 18, 1974, a period of time considerably in excess of the one hundred and eighty (180) day provision in the statute." *Id.* The court further concluded that plaintiff could not save her case by trying to find a continuing violation.

Thus, contrary to Sheet's position, the court rejected plaintiff's attempt to file under § 3612 only because she missed the 180–day statute of limitations, *not* because she had previously filed under § 3610. Nor could the court's discussion of the 180–day limitation in § 3612 appear to be an "alternate" holding. There is no language in the opinion which would so indicate such as "even if plaintiff were not precluded from filing under § 3612 because of her election to pursue the administrative remedies in § 3610, we would still reject her claim as untimely, because it was filed over 180 days after the alleged discriminatory practice occurred." Because of the absence of such alternate language, we conclude that *Stingley* actually supports Grieger's position because the Court in *Stingley* did not need to address the issue of plaintiff's failure to file within 180 days under § 3612 if she was precluded from filing in the first place because she had already pursued administrative remedies under § 3610.

■ We are also persuaded in our conclusion that § 3612 and § 3610 provide "dual" contemporaneous remedies by the *Gladstone* court's affirmative citation to *Johnson v. Decker*, 333 F.Supp. 88, 90–92 (N.D.Cal.1971) (cited at *Gladstone*, 441 U.S. at 108, 99 S.Ct. at 1612). *Johnson* considered and rejected the precise argument Sheets sets forth today. The court in *Johnson* concluded that § 3612 and § 3610 are dual remedies, and the initiation of the administrative procedure under § 3610 does not prevent a contemporaneous filing of a suit in federal court under § 3612. *See also, Miller v. Poretsky*, 409 F.Supp. 837 (D.D.C.1976) (cited at *Gladstone*, 441 U.S. at 108, 99 S.Ct. at 1612), *aff'd*, 595 F.2d 780 (D.C.Cir.1978).

Probably the most persuasive indication that § 3610 and § 3612 are intended as dual contemporaneous remedies is the language of the statutes themselves. In § 3610(f), there is a direction to the Secretary who is processing a complainant's § 3610 complaint that "[w]henever an action filed by an individual, in either Federal or State court, pursuant to this section *or section 812 [42 U.S.C. § 3612]*, shall come to trial the Secretary shall immediately terminate all efforts to obtain voluntary compliance." 42 U.S.C. § 3610(f) (emphasis added). This clearly envisions an occasion where the administrative process has been initiated and at the *same time* a lawsuit has been filed under § 3612. This intention is reciprocated in § 3612(a) where the district court is directed to "continue such civil case brought pursuant to this section [§ 3612] *or section 810(d) [42 U.S.C. § 3610(d)]* from time to time before bring-

ing it to trial if the court believes that the conciliation efforts of the Secretary or a State or local agency are likely to result in satisfactory settlement of the discriminatory housing practice complained of in the complaint made to the Secretary or to the local or State agency and which practice forms the basis for the action in court...." 42 U.S.C. § 3612(a) (emphasis added). This language also contemplates an occasion in which there would be contemporaneous proceedings under § 3610 and § 3612. Accordingly, because we conclude that § 3610 and § 3612 of the Fair Housing Act contemplate dual contemporaneous remedies available to a complainant, we deny Sheets' motion to dismiss Count I as to Grieger.

### C.

Finally, Sheets challenges Count I to the extent it attempts to allege a claim under 42 U.S.C. § 3617. Section 3617 states:

§ 3617. Interference, coercion, or intimidation; enforcement by civil action

It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806 [42 USCS §§ 3603, 3604, 3605, or 3606]. This section may be enforced by appropriate civil action.

This Court in *Stackhouse v. DeSitter*, 620 F.Supp. 208, 210–11 (N.D.Ill.1985), concluded that § 3617 makes it "unlawful to coerce, intimidate, threaten, or interfere with any person" in three distinct circumstances: (1) in the exercise or enjoyment of any right protected by §§ 3603–3606; (2) on account of the person's having exercised or enjoyed such a right; and (3) on account of his having aided or encouraged any other person in the exercise or enjoyment of such a right. *Stackhouse*, 620 F.Supp. at 211.

Sheets contends that we must dismiss both Carter's and Grieger's claims under § 3617 because he contends that § 3617 "does not apply to cases of direct discrimination by a landlord against a tenant.[9] Instead, Sheets contends § 3617 only applies to a person who is "damaged as a result of his attempt to promote the goals of the Fair Housing Act"; the victim of "redlining"; or "where a third person attempts to prevent a person from enjoying his rights under the Housing Rights Act." (Reply at 8–9). Sheets' reasoning is that "[i]f any person who was directly discriminated against in violation of the Housing Rights Act were allowed to bring a claim pursuant to 42 U.S.C. § 3617, nobody would ever bring a claim under either § 3610 or § 3612 because of the restrictions therein." *Id.*

■ First, even if Sheets were correct and § 3617 does not apply to direct discrimination between a landlord and a tenant, plaintiff Carter has stated a claim even under this limitation. The complaint alleges that, because Grieger refused Sheets' sexual demands, Sheets has harassed and intimidated Carter and Grieger "including threatening to shoot plaintiff Ezekiel Carter." (Am. Complaint ¶ 8). Thus, Carter's claim under § 3617 is not that he was sexually harassed but that he was threatened by Sheets as a result of his "encouraging" his wife not to exchange sex for housing and repairs. Therefore, even were we to conclude that § 3617 does not apply to direct discrimination, such an argument does not preclude Carter's claim under § 3617.

■ Finally, we need not, at this juncture, address Sheets' claim that Grieger cannot raise her claim of direct discrimination, the quid pro quo sex for tenancy and services, under § 3617 because we conclude she can raise it under her § 3612 claim as a violation of 42 U.S.C. § 3604(b). Additionally, to the extent that the complaint alleges that, following Sheets' direct discrimination (the sexual harassment) and because of Grieger's refusal to succumb to the sexual demands of Sheets, she was intimidat-

---

9. Sheets also argues that Grieger's HUD complaint precludes a suit under § 3617. Because we conclude that filing under § 3610 is not an election of remedies, we reject this argument also.

ed, threatened or interfered with by Sheets, we conclude she had adequately stated an additional claim under § 3617. Accordingly, we reject Sheets' final argument in support of his motion to dismiss.

### Conclusion

We deny Sheets' motion to dismiss on the grounds of statute of limitations because the defense does not appear on the face of the complaint. We also deny Sheets' motion to dismiss on grounds that Grieger is precluded from filing suit under § 3612 because of her previous initiation of the administrative procedures set out under § 3610. Finally, we deny Sheets' motion to dismiss Grieger's claim under § 3617 because it adequately sets forth a claim of intimidation independently of her § 3612 claim for direct discrimination. It is so ordered.